IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARY FAYE KING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:06CV495-DRB |
| | ) |
| UNUM LIFE INSURANCE COMPANY | ) |
| OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, the Defendant, Unum Life Insurance Company of America ("Unum" or "Defendant"), hereby gives notice of the removal of this action from the Circuit Court of Chilton County, Alabama, where it is was pending, to the United States District Court for the Middle District of Alabama, Northern Division. As grounds for this removal, Defendant shows as follows:

1. The Plaintiff, Mary Faye King ("Plaintiff"), commenced this action against Provident Life and Accident Insurance Company ("Provident") and Baptist Shelby Medical Center d/b/a Baptist Health System, Inc.("Baptist Health System") in the Circuit Court of Chilton County, Alabama, on or about October 27, 2005. The United States District Court for the Middle District of Alabama, Northern Division, is the federal judicial district and division embracing the Circuit Court of Chilton County, Alabama. 28 U.S.C. §§ 81(b)(1); 1441(a).

2. According to Plaintiff's Complaint, this action arises out of a life and/or disability insurance policy allegedly issued to Plaintiff by Unum. (Complaint ¶¶ 5, 8, 12, a copy of Plaintiff's Complaint is included in the state court file attached hereto as Exhibit "A.") Plaintiff has alleged the following claims in her Complaint: Fraud (Count I); Suppression of

Material Facts (Count II); Unjust Enrichment (Count III); Conversion (Count IV); Breach of Contract (Count V); and Bad Faith Failure to Pay Insurance (Count VI).

3. On or about January 11, 2006, Plaintiff filed an Amendment to Complaint in which she designated the name of the defendant in this lawsuit as "UNUM Life Insurance Company of America." (Amendment to Complaint, a copy of which is included in the state court file attached hereto as Exhibit "A.") On or about January 25, 2006, Plaintiff filed a Second Amendment to Complaint in which she amended her original Complaint as follows:

> Each and every count and paragraph, separately and severally wherein defendant is referred to as "Provident Life and Accident Insurance Company" should be amended and identified as UNUM Life Insurance Company of America.
>
> Additionally, Plaintiff amends to add and clarify additional parties: Plaintiff alleges that her damages described in the initial complaint filed October 27, 2005, are a proximate consequence of the wrongful, negligent or wanton conduct of the defendants, UNUM LIFE INSURANCE COMPANY OF AMERICA …

(Second Amended Complaint ¶¶ 1-2, a copy of Plaintiff's Second Amended Complaint is included in the state court file attached hereto as Exhibit "A.")

4. On or about May 22, 2006, Plaintiff filed Notice of Voluntary Dismissal Without Prejudice in which she "voluntarily dismisses without prejudice her claims in the above-styled action against Defendant Baptist Health System, Inc." (A copy of Plaintiff's Notice of Voluntary Dismissal Without Prejudice is included in the state court file attached hereto as Exhibit "A.")

5. Unum is the only remaining defendant in this action.

6. This action is removable because it is a civil action over which the United States District Courts have original jurisdiction pursuant to 28 U.S.C. § 1332 based upon the complete diversity of citizenship of the remaining parties. Plaintiff is a citizen of the State of

Alabama and resident of Chilton County, Alabama. (Complaint ¶ 1.) Unum is a foreign corporation organized and existing under the laws of the State of Maine with its principal place of business in Portland, Maine. Consequently, there is complete diversity of citizenship of the remaining parties to this action.

7.  The minimum jurisdictional amount is satisfied because it is clear from the face of Plaintiff's Complaint that the amount in controversy in this action exceeds the sum or value of $75,000.00 exclusive of interest and costs. *See* 28 U.S.C. § 1332. When determining the amount in controversy, courts should look for guidance to decisions rendered in similar cases in the same jurisdiction, and must consider punitive damages. *Bolling v. Union National Life Ins. Co.*, 900 F.Supp 400, 404-05 (M.D. Ala. 1995); *see also Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered.").

8.  In lawsuits against insurance companies in which plaintiffs allege such things as bad faith, mental anguish and punitive damages, the Alabama Supreme Court has affirmed damage awards well in excess of $75,000.00. *See, e.g., National Insurance Association v. Betty Sockwell*, 829 So. 2d 111 (Ala. 2002) (affirming compensatory damages of $201,000.00 and punitive damages of $600,000.00 on bad faith and mental anguish claims); *Travelers Indemnity Company v. Griner,* 809 So. 2d 808 (Ala. 2001) (affirming compensatory damages of $300,000.00 and punitive damages of $200,000.00 for outrageous conduct of insurer); *Acceptance Insurance Co. v. Brown,* 832 So. 2d 1 (Ala. 2001) (punitive damages on bad faith claim remitted from $300,000.00 to $180,000.00, three times the compensatory damages).

9.  Plaintiff's Complaint contains, *inter alia*, claims alleging bad faith, mental anguish and punitive damages. Consequently, it is clear from the face of Plaintiff's Complaint

that the amount in controversy in this action exceeds $75,000.00 exclusive of interest and costs. *See, e.g., Sockwell*, 829 So. 2d at 111; *Griner,* 809 So. 2d at 808; *Brown,* 832 So. 2d at 1.

10. Because complete diversity of citizenship exists between the parties to this action and the amount in controversy exceeds $75,000.00 exclusive of interest and costs, this Court has diversity of citizenship jurisdiction over this action pursuant to 28 U.S.C. § 1332. Accordingly, original subject matter jurisdiction is appropriately vested in this Court pursuant to 28 U.S.C. §§ 1332 & 1441.

11. This Notice of Removal is timely because it is filed within thirty (30) days after receipt by Defendant of Plaintiff's Notice of Voluntary Dismissal of Baptist Health System, which is "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b). This action was not removable when it was originally filed because Baptist Health System is an Alabama corporation. Plaintiff's voluntary dismissal of Baptist Health System, the only non-diverse defendant, created diversity jurisdiction under 28 U.S.C. § 1332. Additionally, because it has been less than a one year since Plaintiff commenced this action in the Circuit Court of Chilton County, Alabama, the one year time limitation on removal in 28 U.S.C. § 1446(b) is inapplicable.

12. Pursuant to Middle District of Alabama Local Rule 81.1, copies of all records and proceedings from the Circuit Court of Chilton County, Alabama, are attached hereto as Exhibit "A."

13. Defendant has provided Plaintiff, by and through her counsel of record, written notice of the filing of this Notice of Removal, as required by 28 U.S.C. § 1446(d). In

addition, Unum will cause a copy of this Notice of Removal to be timely filed with the Clerk of the Circuit Court of Chilton County, Alabama, where this action was pending.

14. All prerequisites to removal under 28 U.S.C. §§ 1441 and 1446 have been satisfied.

DONE this 31 day of May, 2006.

Respectfully submitted,

/s/ Stephen R. Geisler

Kaye K. Houser
James S. Williams
Stephen R. Geisler
Attorneys for the Defendant
Unum Life Insurance Company of America

**OF COUNSEL:**
**SIROTE & PERMUTT, P.C.**
2311 Highland Avenue South
P. O. Box 55727
Birmingham, AL  35255-5727
Telephone:  205-930-5100
Facsimile:   205-930-5335

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served upon the following counsel of record for all parties to this proceeding by mailing a copy of same by United States mail, first-class postage prepaid, on this 31 day of May 2006, to:

Jeffrey C. Kirby, Esq.
David J. Hodge, Esq.
PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama  35203

_____
Of Counsel