# EXHIBIT "A"

# Part 1

# PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.

### ATTORNEYS AT LAW

W. LEE PITTMAN
KEN HOOKS
TOM DUTTON*
JEFFREY C. KIRBY
CHRIS T. HELLUMS**
LEIGH KING FORSTMAN***
MICHAEL C. BRADLEY
J. CHRIS COCHRAN
ELISABETH FRENCH
C. CARTER CLAY
DAVID HODGE

1100 PARK PLACE TOWER
**BIRMINGHAM, ALABAMA 35203**
TELEPHONE (205) 322-8880
TOLL FREE (866) 515-8880
FACSIMILE (205) 328-2711
E-MAIL PHDKH@pittmanhooks.com

OF COUNSEL
JAMES H. DAVIS****
JOEL F. ALEXANDER, III

*ALSO MEMBER MISSISSIPPI BAR
**ALSO MEMBER COLORADO BAR
***ALSO MEMBER TENNESSEE BAR
****MEMBER FLORIDA BAR ONLY

May 22, 2006

Chilton County Courthouse
ATTN: Mike Smith, Clerk of Court
P. O. Box 1946
Clanton, Alabama 35045-1946

RE:    Mary Faye King v. Provident Life & Accident Insurance Company,
       et al.
       Civil Action No.: 05-311-B

To Whom It May Concern:

Enclosed you will find the original and one copy of the Notice of Voluntary
Dismissal Without Prejudice. Please file the original with the Court and return the
stamped copy to me in the self-addressed stamped envelope I have provided.
Thank you.

Yours very truly,

Sonya Lipsey
Legal Assistant to Jeff Kirby & Bo Johnson

/sml

Enclosure(s)

IN THE CIRCUIT COURT FOR CHILTON COUNTY, ALABAMA

MARY FAYE KING,                          )
                                         )
        Plaintiff(s),                    )
                                         )
vs.                                      )CIVIL ACTION NO. CV 05-000311
                                         )
PROVIDENT LIFE AND ACCIDENT              )
INSURANCE COMPANY, ET AL,                )
                                         )
        Defendant(s).                    )

## NOTICE OF APPEARANCE

Comes now William T. Johnson, III, of the law firm PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C. located at 2001 Park Place North, 1100 Park Place Tower, Birmingham, Alabama 35203, and files this entry of appearance as additional attorney of record on behalf of the plaintiff, Mary Faye King.

_____
William T. Johnson, III (JOH-184)
Attorney for Plaintiff

OF COUNSEL:
PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
1100 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203
(205) 322-8880

## CERTIFICATE OF SERVICE

I hereby certify that I have served an exact copy of the foregoing upon all counsel of record, by depositing a copy in the United States mail, postage prepaid, or by hand delivery, on this the ___*17*___ day of April, 2006.

_____
Of Counsel

cc:    Kaye Kamman Houser, Esquire
       Stepher Robert Geisler, Esquire
       Sirote & Permutt, P.C.
       P. O. Box 55727
       Birmingham , Alabama 35255-5727

## IN THE CIRCUIT COURT OF CHILTON COUNTY, ALABAMA

| | |
|---|---|
| **MARY FAYE KING,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )     **CASE NO.: CV-05-311-B** |
| | ) |
| **UNUM LIFE INSURANCE COMPANY** | ) |
| **OF AMERICA; BAPTIST SHELBY** | ) |
| **MEDICAL CENTER d/b/a BAPTIST** | ) |
| **HEALTH SYSTEM, INC.,** | ) |
| | ) |
| **Defendants.** | ) |



### UNUM LIFE INSURANCE COMPANY OF AMERICA'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO THE PLAINTIFF

   **COMES NOW** Defendant Unum Life Insurance Company of America ("Unum" or "Defendant") and, pursuant to Rules 33 and 34 of the Alabama Rules of Civil Procedure, propounds the following Interrogatories and Requests for Production of Documents to the Plaintiff, Mary Faye King:

### DEFINITIONS

   1.  "**You**" or "**Your**" means the Plaintiff and all agents, representatives and other persons acting on behalf of or representing the Plaintiff, including counsel for the Plaintiff.

   2.  "**Document**" or "**record**" means any written or graphic matter, including, but not limited to, books, papers, documents, contracts, memoranda, letters, reports, receipts, minutes of meetings, drafts, checks, written statements, affidavits, transcripts, diaries, summaries, examinations, investigations, interviews, reports of examinations, accounts, accountings, books of account, worksheets, notes, writing of any kind, copies of any of the

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served upon the following counsel of record for all parties to this proceeding by mailing a copy of same by United States mail, first-class postage prepaid, on this _____ day of April 2006, to:

Jeffrey C. Kirby, Esq.
David J. Hodge, Esq.
PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203

Of Counsel

## IN THE CIRCUIT COURT OF CHILTON COUNTY, ALABAMA

MARY FAYE KING,                          )
                                         )
     Plaintiff,              )
                                         )
v.                                       )    CASE NO.: CV-05-311-B
                                         )
UNUM LIFE INSURANCE COMPANY              )
OF AMERICA; BAPTIST SHELBY               )
MEDICAL CENTER d/b/a BAPTIST             )
HEALTH SYSTEM, INC.,                     )
                                         )
     Defendants.             )

## NOTICE OF DEPOSITION AND REQUEST
## FOR PRODUCTION OF DOCUMENTS

TO:       Jeffrey C. Kirby, Esq.
         David J. Hodge, Esq.
         PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
         2001 Park Place North
         1100 Park Place Tower
         Birmingham, Alabama 35203

Please take notice that at the date, time and location listed below, Defendant Unum Life Insurance Company of America ("Unum") will take the testimony by deposition upon oral examination of the party listed below pursuant to the Alabama Rules of Civil Procedure. Such deposition shall be taken for the purpose of discovery or for use as evidence in this cause or for both purposes, and will continue from time to time until completed. The deposition will be taken before a Court Reporter and Notary Public, who is authorized to administer oaths under the laws of the State of Alabama.

**DEPONENT:**     **Mary Faye King**

**DATE/TIME:**     **A mutually convenient day and time.**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served upon the following counsel of record for all parties to this proceeding by mailing a copy of same by United States mail, first-class postage prepaid, on this _____ day of April 2006, to:

Jeffrey C. Kirby, Esq.
David J. Hodge, Esq.
PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama  35203

Of Counsel

**ADRIENNE BOYER**

LEGAL SECRETARY

(205) 918-5022

aboyer@sirote.com



S I R O T E

——— & ———

P E R M U T T

A PROFESSIONAL CORPORATION

April 6, 2006



Mike Smith
Clerk of Court
Chilton County Courthouse
P.O. Box 1946
Clanton, AL 35046-1946

Re:   *Mary Faye King v. Unum Life Insurance Company of America; Baptist Shelby Medical Center d/b/a Baptist Health System, Inc.*
      *Case No.: CV 05-311-B*

Dear Mr. Smith:

Please find enclosed for filing two (2) copies of the first and last page of Unum's Notice of Deposition and Unum's First Interrogatories and Requests for Production of Documents to the Plaintiff in regard to the above-referenced case.  Please return a stamped "filed" copy to me in the enclosed self-addressed, stamped envelope.

Should you have any questions, please feel free to call me at (205) 918-5022.

Very truly yours,

*Adrienne Boyer*

Adrienne Boyer
Legal Secretary to Stephen R. Geisler

/ab
Enclosures

LAW OFFICES AND MEDIATION CENTERS
2311 HIGHLAND AVENUE SOUTH    BIRMINGHAM, ALABAMA 35205
POST OFFICE BOX 55727    BIRMINGHAM, ALABAMA 35255-5727
TELEPHONE  |  205.930.5100     FAX  |  205.930.5101     URL  |  http://www.sirote.com
B i r m i n g h a m    |    H u n t s v i l l e    |    M o b i l e

| STATE OF ALABAMA | ► File No. |
|---|---|
| Unified Judicial System | |

Check one (Not for Workers' Comp., PFA or Small Claims Court)

__CHILTON__ County    ☐ District Court    ☒ Circuit Court    CV-05-311-B

**Style of case:**

MARY FAYE KING,

V.

UNUM LIFE INSURANCE COMPANY OF AMERICA, et al.

# MOTION COVER SHEET

**Name of filing party:**

Unum Life Insurance Company of America

**Name, Address, and Telephone No. of Attorney or Party, if not Represented:**

Stephen R. Geisler
Sirote & Permutt, P.C.
P.O. Box 55727, Birmingham, AL  35255    205-930-5449

Attorney Bar No.: GEI003

**To be filled out by Clerk of Court**

☐ Filing Fee Charged and Collected (Amt  $_____)
☐ Filing Fee Not Required (SM Work Comp PFA
☐ Affidavit of Hardship on File

## Type of Motion (Check One)

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Intervene or Appear as Third Party Plaintiff ($297.00) | ☐ Amend |
| ☐ Joinder in Other Party's Dispositive Motion (i.e., Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment ($50.00) | ☐ Contempt |
| | ☐ Continue |
| ☐ Other Dispositive Motion not pursuant to Rule 12(b) ($50.00) | ☐ Deposition |
| ☐ Renewed Dispositive Motion (Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during trial) |
| | ☐ Disburse Funds |
| ☐ Summary Judgment or other Dispositive Motion not pursuant to Rule 12(b) ($50.00) | ☐ Discovery |
| | ☐ Ex Parte Restraining |
| ☐ Other _____, pursuant to Rule _____ ($50.00) | ☐ Extension of Time |
| | ☐ In Limine |
| | ☐ Joinder |
| | ☐ More Definite Statement |
| * Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☒ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| | ☐ Plaintiffs Motion to Dismiss or Stipulation of Dismissal |
| | ☐ Preliminary Injunction |
| ☐ Local Court Cost $_____ | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Show Cause |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Temporary Restraining Order |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other_____ pursuant to Rule _____ (Subject to filing fee) |

FILED

F_____ ____ ____

CIRCUIT CLERK
DeKALB COUNTY

Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship ☐

Date: February 24, 2006

Signature of Attorney or Party

* This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
* Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

# PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.

ATTORNEYS AT LAW

W. LEE PITTMAN
KEN HOOKS
TOM DUTTON*
JEFFREY C. KIRBY
CHRIS T. HELLUMS**
LEIGH KING FORSTMAN***
MICHAEL C. BRADLEY
J. CHRIS COCHRAN
ELISABETH FRENCH
C. CARTER CLAY
DAVID HODGE

1100 PARK PLACE TOWER
**BIRMINGHAM, ALABAMA 35203**

TELEPHONE (205) 322-8880

TOLL FREE (866) 515-8880

FACSIMILE (205) 328-2711

E-MAIL PHDKH@pittmanhooks.com

OF COUNSEL
JAMES H. DAVIS****
JOEL F. ALEXANDER, III

*ALSO MEMBER MISSISSIPPI BAR
**ALSO MEMBER COLORADO BAR
***ALSO MEMBER TENNESSEE BAR
****MEMBER FLORIDA BAR ONLY

January 25, 2006

Mike Smith, Circuit Civil Clerk
Chilton County Courthouse
P.O. Box 1946
500 2nd Avenue North
Clanton, AL  35046

RE:   Mary Faye King v. Provident Life and Accident Insurance Co., et al
       Civil Action No.: CV 2005-000311

To Whom It May Concern:

Enclosed please find the original and two copies of Plaintiff's Alias Summons and Amendment to Complaint.  One copy is a service copy and the other is a copy for us. Please return a filed copy to us in the self addressed stamped envelope I have provided. If there are any questions or problems please contact me.

Sincerely,

Sonya Lipsey

/sl

Enclosure(s)

cc:   Kaye Houser, Esquire

# PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.

### ATTORNEYS AT LAW

W. LEE PITTMAN
KEN HOOKS
TOM DUTTON*
JEFFREY C. KIRBY
CHRIS T. HELLUMS**
LEIGH KING FORSTMAN***
MICHAEL C. BRADLEY
J. CHRIS COCHRAN
ELISABETH FRENCH
C. CARTER CLAY
DAVID HODGE

1100 PARK PLACE TOWER
**BIRMINGHAM, ALABAMA 35203**
TELEPHONE (205) 322-8880
TOLL FREE (866) 515-8880
FACSIMILE (205) 328-2711
E-MAIL PHDKH@pittmanhooks.com

OF COUNSEL
JAMES H. DAVIS****
JOEL F. ALEXANDER, III

*ALSO MEMBER MISSISSIPPI BAR
**ALSO MEMBER COLORADO BAR
***ALSO MEMBER TENNESSEE BAR
****MEMBER FLORIDA BAR ONLY

January 11, 2006

Mike Smith, Circuit Civil Clerk
Chilton County Courthouse
P.O. Box 1946
500 2nd Avenue North
Clanton, AL  35046

RE:     Mary Faye King v. Provident Life and Accident Insurance Co., et al
        Civil Action No.:  CV 2005-000311

To Whom It May Concern:

Enclosed please find the original and two copies of Plaintiff's Summons and Amendment to Complaint.  One copy is a service copy and the other is a copy for us. Please return a filed copy to us in the self addressed stamped envelope I have provided. If there are any questions or problems please contact me.

Sincerely,

Sonya Lipsey

/sl

Enclosure(s)

# STATE OF ALABAMA
Unified Judicial System

Chilton _____ County

Check one (Not for Workers' Comp., PFA or Small Claims cases):
☐ District Court  ☒ Circuit Court

CV 05-311  B

| Style of case: | **MOTION COVER SHEET** |
|---|---|
| Mary Faye King | Name of filing party: |
| V. | Provident Life and Accident Insurance Company |
| Provident Life and Accident Insurance Company; Baptist Shelby Medical Center d/b/a Baptist Health System, Inc | |

Name, Address, and Telephone No. of Attorney or Party, if not Represented:

**To be filled out by Clerk of Court**
☐ Filing Fee Charged and Collected (Amt $_____)
☐ Filing Fee Not Required (SM Work Comp PFA
☐ Affidavit of Hardship on File

Attorney Bar No.:

## Type of Motion (Check One)

| **Motions Requiring Fee** | **Motions Not Requiring Fee** |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Intervene or Appear as Third Party Plaintiff ($297.00) | ☐ Amend |
| ☐ Joinder in Other Party's Dispositive Motion (i.e., Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| | ☐ Consolidation |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Contempt |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment ($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Other Dispositive Motion not pursuant to Rule 12(b) ($50.00) | ☐ Designate a Mediator |
| ☐ Renewed Dispositive Motion (Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Judgment as a Matter of Law (during trial) |
| | ☐ Disburse Funds |
| | ☐ Discovery |
| ☐ Summary Judgment or other Dispositive Motion not pursuant to Rule 12(b) ($50.00) | ☐ Ex Parte Restraining |
| ☐ Other _____ | ☐ Extension of Time |
| pursuant to Rule _____ ($50.00) | ☐ In Limine |
| | ☐ Joinder |
| | ☐ More Definite Statement |
| | ☒ Motion to Dismiss pursuant to Rule 12(b) |
| * Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| | ☐ Plaintiffs Motion to Dismiss or Stipulation of Dismissal |
| | ☐ Preliminary Injunction |
| ☐ Local Court Cost $_____ | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Show Cause |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Temporary Restraining Order |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other_____ |
| | pursuant to Rule _____ (Subject to filing fee) |

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship ☐ | Date: 12/05/05 | Signature of Attorney or Party: |

* This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
* Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93    Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT – CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number<br>C V   05   314   B<br>Date of Filing:        Judge Code:<br>Month   Day   Year |
|---|---|---|

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF _____ Chilton _____, ALABAMA

*(Name of County)*

_____ Mary Faye King _____ v. Provident Life & Accident Insurance Company

**Plaintiff**

**First Plaintiff** ☐ Business ☑ Individual
☐ Government ☐ Other

**Defendant**

**First Defendant** ☑ Business ☐ Individual
☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) the best characterizes your action:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☑ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☑ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☑ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction
Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN** (check one):   F ☑ INITIAL FILING     A ☐ APPEAL FROM     O ☐ OTHER:
DISTRICT COURT
R ☐ REMANDED     T ☐ TRANSFERRED FROM
OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED    ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

| K | I | R | 0 | 0 | 2 |
|---|---|---|---|---|---|

*Oct 27, 2005*
Date

Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☐ NO ☑ UNDECIDED

Case 2:05-cv-... MEF-DRB   Document ...   Page 15 of 45



## U.S. Postal Service™
### CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here — FEB 01 2005 — CLANTON

**Recipient's Name** (Please Print Clearly to be completed by mailer)
UNUMLife Ins Co of America
*Street, Apt. No.; or PO Box No.*
3211 Congress Street
*City, State, ZIP+4*
Portland ME 04112

PS Form 3800, February 2000     See Reverse for Instructions

---

## U.S. Postal Service™
### CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

O F F I C I A L   U S E

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

35045 — CLAYTON AL — NOV 2 2005 — Postmark Here

**Sent To**
Bapt Med Ctr Shelby c/o Kerry Black RA
*Street, Apt. No.; or PO Box No.*
3201 4th Avenue South
*City, State, ZIP+4*
Birmingham, AL    35222

PS Form 3800, June 2002     See Reverse for Instructions

---

## U.S. Postal Service™
### CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

O F F I C I A L   U S E

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 906 |

USPS — JAN 18 2005 — CLANTON — Postmark Here

---

## U.S. Postal Service™
### CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

O F F I C I A L   U S E

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

35045 — CLAYTON AL — NOV 2 2005 — Postmark Here

**Sent To**

```
 AVS0351                                          CV 2005 000311.00

                                        JUDGE: JOHN B. BUSH
 -----------------------------------------------------------------
                    ALABAMA JUDICIAL DATA CENTER
                        CASE ACTION SUMMARY
                          CIRCUIT CIVIL
 -----------------------------------------------------------------
   IN THE CIRCUIT COURT OF CHILTON        COUNTY

   MARY FAYE KING VS PROVIDENT LIFE AND ACCIDENT INS CO. ET AL
   FILED: 10/27/2005 TYPE: NEGLIGENCE-GENERAL    TYPE TRIAL: JURY        TRACK:
 ****************************************************************
 DATE1:  01/23/2006  CA:              CA DATE:
 DATE2:              AMT:        $.00 PAYMENT:
 DATE3:
 ****************************************************************
   PLAINTIFF  001: KING MARY FAYE
                                      ATTORNEY: KIRBY JEFFREY C
                                      KIR002    1100 PARK PLACE TOWER
                  . AL  00000-0000              2001 PARK PLACE
                  PHONE: (205)000-0000          BIRMINGHAM. AL  35203
   ENTERED:  11/01/2005 ISSUED:       TYPE:              (205)322-8880
   SERVED:              ANSWERED:        JUDGEMENT:

                                      HODGE DAVID JASON
                                      PITTMAN HOOKS DUTTON
                                      1100 PARK PLACE TOWER
                                      BIRMINGHAM. AL  35203
                                           (205)322-8880

                                      JOHNSON WILLIAM T III
                                      P.O. BOX 598512

                                      BIRMINGHAM. AL  35259
                                           (205)868-6000
 -----------------------------------------------------------------
   DEFENDANT  001: PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY
                  C/O CT CORP CO          ATTORNEY: HOUSER KAYE K
                  2000 INST. PK STE 204   HOU002    2311 HIGHLAND AVE SOUTH
                  MONTGOMERY. AL  36109-0000        P O BOX 55727
                  PHONE: (205)000-0000             BIRMINGHAM. AL  35255
   ENTERED:  11/01/2005 ISSUED:  11/01/2005 TYPE:     CERTIFIED (205)930-5105
   SERVED:   11/03/2005 ANSWERED: 12/05/2005 JUDGEMENT: 03/09/2006

                                      GEISLER STEPHEN R
                                      2311 HIGHLAND AVENUE S
                                      PO BOX 55727
                                      BIRMINGHAM. AL  35255
                                           (205)930-5449
 -----------------------------------------------------------------
   DEFENDANT  002: BAPTIST SHELBY MEDICAL CENTER D/B/A BAPT HEALTH SY
                  C/O KERRY BLACK REG AGT   ATTORNEY:
                  3201 4TH AVE. SO
                  BIRMINGHAM. AL  35222-0000
                  PHONE: (205)000-0000
   ENTERED:  11/01/2005 ISSUED:  11/01/2005 TYPE:     CERTIFIED
   SERVED:   11/08/2005 ANSWERED:          JUDGEMENT:
 -----------------------------------------------------------------
   DEFENDANT  003: UNUM LIFE INSURANCE CO OF AMERICA
                  C/O KATHRYN A REID.REG AG ATTORNEY: HOUSER KAYE K
                  2211 CONGRESS ST.        HOU002    2311 HIGHLAND AVE SOUTH
                  PORTLAND. ME  04112-0000           P O BOX 55727
                  PHONE: (205)000-0000             BIRMINGHAM. AL  35255
   ENTERED:  01/14/2006 ISSUED:  01/14/2006 TYPE:     CERTIFIED (205)930-5105
   SERVED:   02/07/2006 ANSWERED: 03/08/2006 JUDGEMENT:
 -----------------------------------------------------------------

   11/01/2005   FILED THIS DATE: 10/27/2005              (AV01)

 -----------------------------------------------------------------
 FEB   04/21/2006                               CV 2005 000311.00
```

CV BOOK 000211.00

JUDGE: JOHN B. BUSH

ALABAMA JUDICIAL DATA CENTER
CASE ACTION SUMMARY
CIRCUIT CIVIL

IN THE CIRCUIT COURT OF CHILTON COUNTY

MARY FAYE KING VS PROVIDENT LIFE AND ACCIDENT INS CO, ET AL
FILED: 10/27/2005 TYPE: NEGLIGENCE-GENERAL    TYPE TRIAL: JURY    TRACK:

DATE1: 01/23/2006 CA:
DATE2:                CA:
DATE3:                AMT:                      $.00  CA DATE:
                                          JUDGMENT:

PLAINTIFF 001: KING MARY FAYE

                                          ATTORNEY: KIRBY JEFFREY C
                                          KIR002      1100 PARK PLACE TOWER
ENTERED: 11/01/2005                                2001 PARK PLACE
SERVED:              ISSUED:                       BIRMINGHAM, AL  35203
          ANSWERED:                    TYPE:                (205)322-8880
                                          JUDGEMENT:

                                          HODGE DAVID JASON
                                          PITTMAN HOOKS DUTTON
                                          1100 PARK PLACE TOWER
DEFENDANT 001: PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY    BIRMINGHAM, AL  35203
          C/O CT CORP CO                                       (205)322-8880
          2000 INTERSTATE PK STE 204      ATTORNEY: HOUSER KAYE N
          MONTGOMERY, AL  36109-0000      HOU002      841 HIGHLAND AVE SOUTH
ENTERED: 11/03/2005 PHONE: (205)000-0000            PO BOX 55727
SERVED:  11/03/2005 ISSUED:  11/01/2005  TYPE: CERTIFIED      BIRMINGHAM, AL  35255
          ANSWERED: 12/05/2005            JUDGEMENT:          (205)930-5106

                                          GEISLER STEPHEN R
                                          2911 HIGHLAND AVENUE S
                                          PO BOX 55727
DEFENDANT 002: BAPTIST SHELBY MEDICAL CENTER D/B/A BAPT HEALTH SY    BIRMINGHAM, AL  35255
          C/O KERRY BLACK REG AGT        ATTORNEY:            (205)930-5446
          2301 4TH AVE N SO
          BIRMINGHAM, AL  35222-0000
ENTERED: 11/01/2005 PHONE: (205)000-0000
SERVED:  11/08/2005 ISSUED:  11/01/2005  TYPE:      CERTIFIED
          ANSWERED:                      JUDGEMENT:

DEFENDANT 003: UNUM LIFE INSURANCE CO OF AMERICA
          C/O KATHRYN B REID REG AG      ATTORNEY: Kaye Houser
          221 CONGRESS ST                              Portland, Me.
ENTERED: 01/14/2006 PHONE: (205)000-0000  1-26-06
SERVED:  01/14/2006 ISSUED:  01/14/2006  TYPE:
          1-25-06  ANSWERED:                      CERTIFIED
          2-7-06              03-08-06   JUDGEMENT:

11/01/2005    FILED THIS DATE: 10/27/2005

11/01/2005    ORIGIN: INITIAL FILING                      (AV01)

11/01/2005    JURY TRIAL REQUESTED                        (AV01)

11/01/2005    CASE ASSIGNED STATUS OF: ACTIVE             (AV01)

EE  01/14/2006                                            (AV01)

CV BOOK 000211.00

(AV0035)

CV 2005 000311.00

JUDGE: JOHN B. BUSH

ALABAMA JUDICIAL DATA CENTER
CASE ACTION SUMMARY
CIRCUIT CIVIL

IN THE CIRCUIT COURT OF CHILTON          COUNTY

MARY FAYE KING VS PROVIDENT LIFE AND ACCIDENT INS CO. ET AL
FILED: 10/27/2005 TYPE: NEGLIGENCE-GENERAL      TYPE TRIAL: JURY       TRACK:
*********************************************************************
DATE1: 01/23/2006  CA:
DATE2:              AMT:                    CA DATE:
DATE3:              AMT:          $.00  PAYMENT:
*********************************************************************
11/01/2005   ASSIGNED TO JUDGE: JOHN B. BUSH              (AV01)
11/01/2005   KING MARY FAYE ADDED AS C001                (AV02)
11/01/2005   LISTED AS ATTORNEY FOR C001: HODGE DAVID JASON
11/01/2005   LISTED AS ATTORNEY FOR C001: KIRBY JEFFREY C(AV02)
11/01/2005   PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY ADDE
11/01/2005   CERTIFIED MAI ISSUED: 11/01/2005 TO D001      (AV02)
11/01/2005   BAPTIST SHELBY MEDICAL CENTER D/B/A BAPT HEALTH SY
11/01/2005   CERTIFIED MAI ISSUED: 11/01/2005 TO D002      (AV02)
11/10/2005   SERVICE OF CERTIFIED MAI ON 11/08/2005 FOR D002
11/14/2005   SERVICE OF CERTIFIED MAI ON 11/03/2005 FOR D001
12/06/2005   LISTED AS ATTORNEY FOR D001: HOUSER KAYE K   (AV02)
12/06/2005   ANSWER OF MOTION DISMIS ON 12/05/2005 FOR D001
12/06/2005   LISTED AS ATTORNEY FOR D001: GEISLER STEPHEN R
12/08/2005   SET FOR: MOTION TO DISMISS ON 01/23/2006 AT 0900A
12/08/2005   COPY CAS TO PARTIES.
12/08/2005   TRANSMITTAL NOTICE        SENT TO ALL ATTORNEYS
01/14/2006   UNUM LIFE INSURANCE CO OF AMERICA ADDED AS D003
01/14/2006   CERTIFIED MAI ISSUED: 01/14/2006 TO D003      (AV02)

FEB   01/14/2006

CV 2005 000311.00

```
AVS0351                                              CV 2005 000311.00

                                           JUDGE: JOHN B. BUSH
---------------------------------------------------------------------
                  ALABAMA JUDICIAL DATA CENTER
                     CASE ACTION SUMMARY
                        CIRCUIT CIVIL
---------------------------------------------------------------------
  IN THE CIRCUIT COURT OF CHILTON      COUNTY
  MARY FAYE KING VS PROVIDENT LIFE AND ACCIDENT INS CO. ET AL
  FILED: 10/27/2005 TYPE: NEGLIGENCE-GENERAL   TYPE TRIAL: JURY    TRACK:
*********************************************************************
  DATE1:              CA:                CA DATE:
  DATE2:              AMT:         $.00  PAYMENT:
  DATE3:
*********************************************************************
  11/01/2005   PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY ADDE
  11/01/2005   CERTIFIED MAI ISSUED: 11/01/2005 TO D001    (AV02)
  11/01/2005   BAPTIST SHELBY MEDICAL CENTER D/B/A BAPT HEALTH SY
  11/01/2005   CERTIFIED MAI ISSUED: 11/01/2005 TO D002    (AV02)
  11/10/2005   SERVICE OF CERTIFIED MAI ON 11/08/2005 FOR D002
  11/14/2005   SERVICE OF CERTIFIED MAI ON 11/03/2005 FOR D001
  12/06/2005   LISTED AS ATTORNEY FOR D001: HOUSER KAYE K   (AV02)
  12/06/2005   ANSWER OF MOTION DISMIS ON 12/05/2005 FOR D001
  12/06/2005   LISTED AS ATTORNEY FOR D001: GEISLER STEPHEN R
```

-8/05 _Hrg on Providati Motto Dismiss set for January 23, 2006 @ 9:00 a.m. -JB_

12-8-05 _Copy CAs to parties._

1/23/06 _Counsel present on Mot to Dismiss. Unum has been added as Deft. To Dismiss Provided upon service on Unum JB_

1-23-06 _Copy CAS to parties._

1-26-06 _Alias Summons and Second Amendment to UNUM Life Ins. Co. of America._

3-8-06 _Defendant UNUM Insurance answer filed. Motion to Dismiss counts 1,2, and four filed_

03-08-06 _by Defendant UNUM Insurance._

3/9/06 _Pursuant to Order 1/23/06 Provident Life and Accident Ins Co is Dismissed from this case_

3-9-06 _Copy of CAS to Attys_

5-26-06 _Notice of Voluntary Dismissal w/out Prejudice of Deft., Baptist Health System, Inc._

```
FEB   12/06/2005                                     CV 2005 000311.00
```

```
50352                                          CASE: CV 2005 000311.00
                                               JUDGE: JOHN B. BUSH
-------------------------------------------------------------------------------
                       ALABAMA JUDICIAL DATA CENTER
                    CASE ACTION SUMMARY CONTINUATION
                            CIRCUIT CIVIL
-------------------------------------------------------------------------------
   IN THE CIRCUIT  COURT OF  CHILTON       COUNTY

   MARY FAYE KING VS PROVIDENT LIFE AND ACCIDENT INS CO. ET AL
   FILED:  10/27/2005 TYPE:  NEGLIGENCE-GENERAL    TYPE TRIAL:  JURY       TRACK:
*******************************************************************************
   DATE1:             CA:                    CA DATE:
   DATE2:             AMT:          $.00  PAYMENT:
*******************************************************************************
```

FEB    11/01/2005

AVS354

ALABAMA JUDICIAL DATA CENTER
FEE SHEET
CIRCUIT CIVIL                    CASE:CV 2005 000311.00

IN THE CIRCUIT COURT OF CHILTON      COUNTY    JUDGE: JBB

MARY FAYE KING VS PROVIDENT LIFE AND ACCIDENT INS CO. ET AL
ATT-                                    ATT-
  KIRBY JEFFREY C
  1100 PARK PLACE TOWER
  2001 PARK PLACE
  BIRMINGHAM, AL  35203

| WITNESS NAME | FOR P/D | ISS | EXEC | ISS | EXEC | DAYS | MIL | PAYOR P/D | FEES COLL | AMOUNT DUE | DATE PAID | CHECK NO | AMT PD |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |

| EXECUTION AGAINST FOR | TOTAL AMOUNT | DATE PAID | DATE DEL SHR | SHERIFFS RETURN |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

OPERATOR: FEB
PREPARED: 11/01/2005

# IN THE CIRCUIT COURT OF CHILTON COUNTY, ALABAMA

MARY FAYE KING,

    Plaintiff,

v.

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY, et al.,

    Defendants.

)
)
)
)
)
)
)
)
)
)

CASE NO: CV-05-311-B

## NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE

COMES NOW Plaintiff, Mary Faye King, pursuant to Rule 41(a)(1), Ala. R. Civ. P., and hereby voluntarily dismisses without prejudice her claims in the above-styled action against Defendant Baptist Health System, Inc.. This Notice of Dismissal shall have no effect upon or prejudice to other claims asserted by Mary Faye King against the remaining defendants in this action.

Respectfully submitted this *22* day of *May*, 2006.

David J. Hodge
Attorney for Plaintiff

OF COUNSEL:

PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203

01314499.1

1

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon the following listed persons by placing a copy of the same in the United States mail, postage prepaid and properly addressed, this the 22 day of May, 2006.

Carol Sue Nelson
John David Collins
MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618

Kaye Kamman Houser
Stephen Robert Geisler
SIROTE & PERMUTT, P.C.
P. O. Box 55727
Birmingham, Alabama 35255-5727

David J. Hodge

01314499.1                                    2

# IN THE CIRCUIT COURT OF CHILTON COUNTY, ALABAMA

MARY FAYE KING,

      Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY
OF AMERICA; BAPTIST SHELBY
MEDICAL CENTER d/b/a BAPTIST
HEALTH SYSTEM, INC.,

      Defendants.

)
)
)
)
) CASE NO.: CV-05-311-B
)
)
)
)
)
)

## DEFENDANT UNUM LIFE INSURANCE COMPANY OF AMERICA'S MOTION TO DISMISS COUNTS 1, 2 AND 4 OF PLAINTIFF'S SECOND AMENDMENT TO COMPLAINT

    **COMES NOW** Defendant Unum Life Insurance Company of America ("Unum" or "Defendant"), one of the Defendants in the above-styled matter, and moves the Court to dismiss Counts 1, 2 and 4 of the Second Amendment to Complaint filed by the Plaintiff, Mary Fay King ("Plaintiff"), for failure to state a claim upon which relief can be granted, and for failure to plead fraud with the particularity required by Rule 9(b) of the Alabama Rules of Civil Procedure. In support of this Motion Unum states as follows:

    1.    Plaintiff filed her Complaint on or about October 27, 2005, naming Provident Life & Accident Insurance Company ("Provident") and Baptist Shelby Medical Center d/b/a Baptist Health System, Inc. ("Baptist") as Defendants.

    2.    Since the disability insurance policy at issue in this lawsuit was issued by Unum, not Provident, Provident filed a Motion To Dismiss on or about December 5, 2005. At the hearing of said Motion To Dismiss, counsel for Plaintiff agreed to voluntarily dismiss Provident after Plaintiff received service of her Amended Complaint on Unum.

3.      Plaintiff filed an Amended To Complaint 1/11/06.  Unum was served on January 25, 2006.

4.      Plaintiff filed her Second Amendment To Complaint on January 25, 2006.

5.      Plaintiff's Second Amendment to Complaint substituted Unum Life Insurance Company of America in place of Provident Life and Accident Insurance Company in every place where Provident Life and Accident Insurance Company was mentioned in the original Complaint.

### Count I - Fraud

6.      Plaintiff makes the following fraud allegations in her Second Amendment To Complaint:

> Defendants, [Unum] and BAPTIST, defrauded Plaintiff and misrepresented the material facts of her eligibility for life and/or disability insurance benefits.    Plaintiff relied on the misrepresentations to her detriment.  Said misrepresentations of material facts and fraud were committed willfully and maliciously and with the intent to defraud and deceive Plaintiff.

> The named defendants committed said fraud by representing to Plaintiff that she would receive a waiver of premium insurance as a result of Plaintiff's inability to work.  [Unum] accepted Plaintiff's and/or BAPTIST's premium payments for said insurance coverage. When Plaintiff made a claim on the policy of insurance, Defendant, [Unum], denied coverage as refused to pay the claim.

(Compl. ¶¶ 14-15.)  The allegations in paragraphs 14-15 of Plaintiff's Second Amendment To Complaint are insufficient as a matter of law because they fail to plead fraud with the "particularity" required by Rule 9(b) of the Alabama Rules of Civil Procedure.

7.      Rule 9(b) directs that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." ALA. R. CIV. P. 9(b); see also Allstate Ins. Co. v. Ware, 824 So. 2d 739, 742 (Ala. 2002) (stating that "[f]raud

must be pleaded with particularity"). The "particularity" requirement of Rule 9(b) means that Plaintiff must "use more than generalized or conclusory statements to set out the fraud complained of." *See Bethel v. Thorn*, 757 So. 2d 1154, 1158 (Ala. 1999); *see also Anderson v. Clark*, 775 So. 2d 749, 752 n. 5 (Ala. 1999). Plaintiff's fraud allegations "must show time, place and the contents or substance of the false representations, the fact misrepresented, and an identification of what has been obtained." *See Bethel*, 757 So. 2d at 1158; *see also Robinson v. Allstate Ins. Co.*, 399 So .2d 288, 290 (Ala. 1981).

8.       Plaintiff merely alleges the following with respect to the circumstances of Unum's alleged fraud: (1) Unum "misrepresented the material facts of [Plaintiff's] eligibility for life and/or disability insurance benefits;" (2) Unum "represent[ed] to Plaintiff that she would receive a waiver of premium insurance as a result of Plaintiff's inability to work;" (3) Unum "accepted Plaintiff's and/or BAPTIST's premium payments for said insurance coverage;" and (4) "[w]hen Plaintiff made a claim on the policy of insurance, Defendant, [Unum], denied coverage as refused to pay the claim." (Compl. ¶¶ 14-15.)

9.       Plaintiff does not allege the time and place of the purported misrepresentations, and does not allege the identity of the person who made the purported misrepresentations. Plaintiff also does not distinguish which representations were allegedly made by Unum and which were allegedly made by other Defendants, nor does Plaintiff allege whether the representations were written or oral. Consequently, Plaintiff's fraud claim against Unum must be dismissed as a matter of law because it fails to state fraud with the "particularity" required by Rule 9(b) of the Alabama Rules of Civil Procedure.

## Count II - Suppression

10.    Plaintiff makes the following suppression allegation in her Second Amendment To Complaint: "Defendants, [Unum] and BAPTIST, fraudulently suppressed and/or concealed material facts from Plaintiff concerning her insurance and/or disability insurance coverage with Defendants." (Compl. ¶ 18.) The suppression allegation in paragraph 18 of Plaintiff's Second Amendment To Complaint is insufficient as a matter of law because its fails to plead fraud with the "particularity" required by Rule 9(b) of the Alabama Rules of Civil Procedure.

11.    Plaintiff's fraudulent suppression claim must be pleaded with the "particularity" required by Rule 9(b) of the Alabama Rules of Civil Procedure. *McLeod v. Life of the South Ins. Co.*, 703 So. 2d 362, 366 (Ala. Civ. App. 1996). As discussed above, Rule 9(b) requires that Plaintiff must "use more than generalized or conclusory statements to set out the fraud complained of." *See Bethel*, 757 So. 2d at 1158. Here, Plaintiff's fraudulent suppression claim consists entirely of her conclusory statement that Unum and Baptist "fraudulently suppressed and/or concealed material facts from Plaintiff concerning her insurance and/or disability insurance coverage with Defendants." (Compl. ¶¶ 18.) Plaintiff does not identify any specific material facts that Unum allegedly fraudulently suppressed. Accordingly, Plaintiff's suppression claim against Unum is insufficient as a matter of law and must be dismissed.

## Count III - Conversion

12.    Plaintiff makes the following allegations regarding conversion in her Second Amendment To Complaint:

Defendant BAPTIST collected life and/or disability insurance premiums from the Plaintiff. These premium payments were wrongfully appropriated by Defendants [Unum] and BAPTIST for Defendants' own use and benefit. Said premium payments

> constitute specific money, capable of identification.  Said premium payments were specifically withdrawn from the Plaintiff's paycheck and/or paid to BAPTIST by plaintiff at the direction of the Defendants [Unum] and BAPTIST.

(Compl. ¶ 27.)  Plaintiff's conversion claim is insufficient as a matter of law because "ordinarily 'an action will not lie for the conversion of money,'" and Plaintiff's premium payments were not sufficiently identifiable to be the subject of a conversion claim.  *See Willingham v. United Ins. Co.*, 628 So. 2d 328, 333 (Ala. 1993).

13.    Under Alabama law, a plaintiff alleging conversion must show "a wrongful taking, detention, or interference, or an illegal use or misuse of another's property."  *Willingham*, 628 So. 2d at 333.  In the case at bar, Plaintiff alleges that Unum converted her premium payments, *i.e.*, her money.  (Compl. ¶ 27.)  According to the Supreme Court of Alabama, "ordinarily 'an action will not lie for the conversion of money.'"  *Willingham*, 628 So. 2d at 323.  Such a claim is viable only when "the money paid as premiums was sufficiently identified to be subject to conversion."  *Id.*

14.    The money at issue here -- Plaintiff's premium payments -- was not sufficiently identifiable to be subject to conversion.  Plaintiff did not make her premium payments directly to Unum.  (Compl. ¶ 27.)  Rather, Plaintiff, along with all the other participant employees of Baptist, authorized Baptist to deduct the amount of the premiums from her paycheck and/or paid the premiums to Baptist.  (Compl. ¶ 27.)  Baptist then remitted the premium payments for all of its employees to Unum.  Plaintiff's particular premium payments, therefore, were not sufficiently identifiable or segregated to be subject to conversion by Unum.  Consequently, Plaintiff's conversion claim is insufficient as a matter of law and must be dismissed.

**WHEREFORE, PREMISES CONSIDERED**, Unum respectfully requests that this Honorable Court enter an order dismissing Counts 1, 2 and 4 of the Second Amendment to Complaint.

Respectfully submitted,

Kaye Houser (HOU002)
Kristen S. Cross (CRO068)
Stephen R. Geisler (GEI003)
Attorneys for Unum Life Insurance
Company of America

**OF COUNSEL:**
Sirote & Permutt, P.C.
2311 Highland Avenue South
P. O. Box 55727
Birmingham, AL 35255-5727
Phone: (205) 930-5100
Fax: (205) 930-5101

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served upon the following counsel of record for all parties to this proceeding by mailing a copy of same by United States mail, first-class postage prepaid, on this _____ day of March 2006, to:

Jeffrey C. Kirby, Esq.
David J. Hodge, Esq.
PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203

Of Counsel

IN THE CIRCUIT COURT OF CHILTON COUNTY, ALABAMA

MARY FAYE KING,

      Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY
OF AMERICA; BAPTIST SHELBY
MEDICAL CENTER d/b/a BAPTIST
HEALTH SYSTEM, INC.,

      Defendants.



CASE NO.: CV-05-311-B

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT UNUM LIFE INSURANCE COMPANY OF AMERICA TO COUNTS 3, 5 AND 6 OF PLAINTIFF'S SECOND AMENDMENT TO COMPLAINT

**COMES NOW** Defendant Unum Life Insurance Company of America ("Unum" or "Defendant") and answers Counts 3, 5 and 6 of the Second Amendment to Complaint[1] filed by the Plaintiff, Mary Fay King ("Plaintiff"), stating as follows:

### PARTIES

1.      Unum is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

2.      Unum is a Maine corporation that is authorized to do business as an insurance company. Unum admits that it does business in Alabama.

---

[1] Plaintiff's Second Amendment to Complaint substituted Unum Life Insurance Company of America in place of Provident Life and Accident Insurance Company in every place where Provident Life and Accident Insurance Company was mentioned in the original Complaint.

3.     Unum is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

## FACTUAL ALLEGATIONS

4.     Unum admits that Plaintiff was employed by Baptist Shelby Medical Center d/b/a Baptist Health System, Inc. ("Baptist"), and was insured under a Unum group disability insurance policy issued to Baptist. The remaining allegations of this paragraph are denied and Unum demands strict proof thereof.

5.     Unum admits that Plaintiff was insured under a Unum group disability insurance policy issued to Baptist. The remaining allegations of this paragraph are denied and Unum demands strict proof thereof.

6.     Unum is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

7.     Unum denies the allegations of this paragraph and demands strict proof thereof.

8.     Unum admits that Plaintiff was insured under a Unum group disability insurance policy issued to Baptist. The remaining allegations of this paragraph are denied and Unum demands strict proof thereof.

9.     Unum denies the allegations of this paragraph and demands strict proof thereof.

10.     Unum admits that Plaintiff sought waiver of premium benefits under the subject Unum policy.

11.    Unum is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

12.    Unum denies the allegations of this paragraph and demands strict proof thereof.

## COUNT I - FRAUD

13-16. Contemporaneous with the filing of its Answer to Counts 3, 5 and 6, Unum has filed a Motion to Dismiss Counts 1, 2 and 4 for failure to state a claim upon which relief can be granted and failure to plead fraud with the particularity required by Rule 9(b) of the Alabama Rules of Civil Procedure.

## COUNT II - SUPPRESSION

17-20. Contemporaneous with the filing of its Answer to Counts 3, 5 and 6, Unum has filed a Motion to Dismiss Counts 1, 2 and 4 for failure to state a claim upon which relief can be granted and failure to plead fraud with the particularity required by Rule 9(b) of the Alabama Rules of Civil Procedure.

## COUNT III - UNJUST ENRICHMENT

21.    Unum adopts and incorporates by reference all prior paragraphs as if set out herein in full.

22.    Unum denies the allegations of this paragraph and demands strict proof thereof.

23.    Unum denies the allegations of this paragraph and demands strict proof thereof.

24.    Unum denies the allegations of this paragraph and demands strict proof thereof.

25.    Unum denies the allegations of this paragraph and demands strict proof thereof.

## COUNT IV - CONVERSION

26-28.    Contemporaneous with the filing of its Answer to Counts 3, 5 and 6, Unum has filed a Motion to Dismiss Counts 1, 2 and 4 for failure to state a claim upon which relief can be granted and failure to plead fraud with the particularity required by Rule 9(b) of the Alabama Rules of Civil Procedure.

## COUNT V - BREACH OF CONTRACT

29.    Unum adopts and incorporates by reference all prior paragraphs as if set out herein in full.

30.    Unum denies the allegations of this paragraph and demands strict proof thereof.

31.    Unum denies the allegations of this paragraph and demands strict proof thereof.

## COUNT VI - BAD FAITH

32.    Unum adopts and incorporates by reference all prior paragraphs as if set out herein in full.

33.    Unum denies the allegations of this paragraph and demands strict proof thereof.

As to the Prayer for Relief at the end of Plaintiff's Second Amendment To Complaint, Unum denies that Plaintiff is entitled to the requested relief and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, consent, release, acquiescence and/or ratification.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are due to be dismissed based on the statute of frauds and/or the parole evidence rule.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to satisfy condition(s) precedent to receipt of benefits under the policy.

### FIFTH AFFIRMATIVE DEFENSE

Even if Plaintiff is entitled to benefits under the policy, which entitlement is denied, such immediate entitlement would not mean that Plaintiff would be entitled to unlimited future benefits given, *inter alia*, the possibility of Plaintiff's recovery, as well as the effect of different policy requirements, exclusions, or limitations.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or reduced, in whole or in part, by benefits she has received or obtained or may be eligible to receive or obtain.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant is not guilty of any breach of any duty owed to Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant complied with all applicable laws and regulations.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each and every Count thereof, to the extent that it seeks exemplary or punitive damages, violates Defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution and under the Constitution of the State of Alabama, and therefore fails to state a cause of action under which either punitive or exemplary damages can be awarded.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each count thereof, to the extent that it seeks punitive or exemplary damages, violates Defendant's rights to protection from "excess fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 15 of the Constitution of the State of Alabama, and violates Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and as provided in the Constitution of the State of Alabama, and therefore fails to state a cause of action supporting the punitive or exemplary damages claimed.

## ELEVENTH AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

## TWELFTH AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant pursuant to the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States of America in that punitive damages are vague and are not rationally related to legitimate government interests.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of the procedural safeguards provided to Defendant under the Sixth Amendment to the Constitution of the United States of America in that punitive damages are penal in nature and consequently Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

docsbhm\1376368\2\

## FIFTEENTH AFFIRMATIVE DEFENSE

It is violative of the self incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

## SIXTEENTH AFFIRMATIVE DEFENSE

It is violative of the self incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

## SEVENTEENTH AFFIRMATIVE DEFENSE

It is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against Defendant which are penal in nature by requiring a burden of proof on Plaintiff which is less than the "beyond a reasonable doubt" burden required in criminal cases.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiff in this case, on its face and/or as applied in this case, is in violation of the right to trial by jury of the Seventh Amendment of the Constitution of the United States of America.

## NINETEENTH AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of the Eighth Amendment of the Constitution of the United States of America in

that said damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

## TWENTIETH AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States of America.

## TWENTIETH-FIRST AFFIRMATIVE DEFENSE

The imposition of punitive damages in this cause violates the Due Process Clause of Amendments V and XIV to the United States Constitution and Article I, Sections 1, 2, 6, 11, 13, 15, 27 and 35 of the Alabama Constitution of 1901 because the authorization for unlimited punitive damages awards has a substantial chilling effect on the exercise of the fundamental rights to ordered liberty and of access to the courts. Among other things, the present procedure and standards for imposing punitive damages are unconstitutionally vague and violate Due Process under the aforesaid state and federal constitutional provisions by (1) failing to provide sufficiently objective and specific standards by which juries may decide whether to award punitive damages and to determine the amount of punitive damages awards; (2) failing to provide sufficiently objective and specific standards by which juries may impose punitive damages based on the culpability of alleged tortfeasors; (3) failing to provide sufficient objective specific standards by which juries may award punitive damages against multiple defendants for different alleged acts of wrongdoing; (4) failing to provide sufficiently objective and specific standards by which juries may award separate judgments against alleged joint tortfeasors; (5) by failing to provide a sufficiently clear, objective, and specific standard

for appellate review of awards for punitive damages; and (6) by failing to provide a meaningful opportunity for challenging the excessiveness of such awards.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case violates the Equal Protection Clause of Amendments V and XIV of the United States Constitution and deprives Defendant of the right to equal protection under the law as provided in Article I, Sections 1, 6, and 22 of the Alabama Constitution of 1901, because, among other reasons, criminal defendants are placed in a position of distinct advantage over civil defendants of comparable culpability due to the disparity in punitive treatment for similar conduct and because the absence of sufficiently specific and objective standards for the imposition of punitive damages fails to ensure equality of treatment between and among similarly situated civil defendants.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages cannot be upheld based on all grounds that the United States Supreme Court in *BMW v. Gore*, 116 S.Ct. 1589 (1996), determined that the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages violate Defendant's rights provided by the United States Constitution.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages cannot be upheld under *BMW v. Gore*, 116 S.Ct. 1589 (1996) to the extent it is not based on the least drastic remedy or lowest amount of punitive damages that could be expected to ensure that the Defendant will more fully comply with this state's laws in the future.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover punitive damages pursuant to Alabama Code 1975, §§ 6-11-20-6-11-30. Consequently, any claim for such damages is barred.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Any award of punitive damages in this case is subject to the limitations established by the Alabama Legislature and set forth in Alabama Code 1975, § 6-11-21. The Alabama Supreme Court's action abolishing the legislatively-created cap on punitive damages was unconstitutional and is without effect. Under the Constitution of the United States of America and the State of Alabama, the Alabama Supreme Count cannot abolish the cap created by the Legislature on punitive damages through judicial fiat.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred because an award of punitive damages under Alabama law will constitute an impermissible burden on interstate commerce in violation of the Commerce Clause of Article I §9 of the United States Constitution.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred to the extent that it seeks the admission into evidence of Defendant's net worth in determining whether punitive damages are to be awarded and/or in what amount they are to be awarded because punitive damages are a form of punishment that is grounded in a Defendant's status rather than in specific misconduct, and thus has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the Fifth and Fourteenth

Amendments to the United States Constitution and Article I, § §1, 6, 13 and 22 of the Alabama Constitution.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages against the Defendant cannot be upheld, because any award of punitive damages under Alabama law without bifurcating the trial of all punitive damages would violate Defendant's due process rights guaranteed by the United States Constitution and the Alabama Constitution.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages against the Defendant cannot be upheld because an award of punitive damages under Alabama law for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by Alabama law would violate the Defendant's due process rights guaranteed by the United States Constitution and by the due process provisions of the Alabama Constitution.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages against the Defendant cannot be sustained because punitive damages may be awarded jointly and severally against some or all of the Defendants for different acts of alleged wrongdoing without apportionment among them based on the respective enormity of their alleged misconduct and will, therefore, violate the Defendant's rights under the Equal Protection Clause and the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I §§1, 6, 13 and 22 of the Alabama Constitution, and will be improper under the common law and public policies of the State of Alabama and the United States of America.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

The Alabama statute authorizing punitive damages, ALA. CODE § 6-1-20 (1993) is constitutionally vague as written, construed and applied.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Defendant pleads the applicability of the Alabama Legislature's amendment to ALA. CODE § 6-11-21, effective June 7, 1999.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

The claims for punitive damages against Defendant are barred because Plaintiff cannot produce clear and convincing evidence sufficient to support or sustain the imposition of punitive damages against Defendant.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by Plaintiff's own fraud, misrepresentation and/or mistake.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

All of Defendant's alleged acts were done in good faith and pursuant to Defendant's lawful rights.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendant's actions were reasonable and justifiable.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff returned to work after submitting a claim for benefits under the subject disability insurance policy. Plaintiff was required to submit another claim for benefits for any subsequent alleged disabilities.

Defendant reserves the right to amend its Answer and Affirmative Defenses as discovery progresses.

Respectfully submitted,

Kaye Houser (HOU002)
Kristen S. Cross (CRO068)
Stephen R. Geisler (GEI003)
Attorneys for Unum Life Insurance
Company of America

**OF COUNSEL:**
Sirote & Permutt, P.C.
2311 Highland Avenue South
P. O. Box 55727
Birmingham, AL 35255-5727
Phone: (205) 930-5100
Fax: (205) 930-5101

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served upon the following counsel of record for all parties to this proceeding by mailing a copy of same by United States mail, first-class postage prepaid, on this ⬡ day of March 2006, to:

Jeffrey C. Kirby, Esq.
David J. Hodge, Esq.
PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203

Of Counsel

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

UNUM Life Insurance
Company of America
C/o Kathryn A. Reid,
Registered Agent
2211 Congress Street
Portland ME 04112

2. Article Number (Copy from service label)
7099 3400 0018 1951 0519

01-05-3118

PS Form 3811, July 1999    Domestic Return Receipt    102595

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)    B. Date of Delivery

C. Signature
X _____ Jama (Pantaguoley)    USPS

D. Is delivery address different from item 1?
If YES, enter delivery address below:

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

Article Addressed to:
UNUM Life Insurance Company of
America
c/o Kathryn A. Reid, Registered
Agent
2211 Congress Street
Portland, ME 04112

Article Number
(Transfer from service label)
7004 1160 0004 4206 8715

S Form 3811, February 2004    Domestic Return Receipt    102595-02-M-15

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____    ☐ Agent
☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1?    ☐ Yes
If YES, enter delivery address below:    ☐ No

USPS
PORTL

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered    ☒ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☒ Yes

01-05-3112

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Mike Smith, Circuit Civil Clerk
Chilton County Courthouse
P.O. Box 1946
500 2nd Avenue North
Clanton, AL 35046

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

Sender: Please print your name, address, and ZIP+4 in this box •

Mike Smith Clerk
Chilton County Courthouse
P O Box 1946
500 2nd Avenue North
Clanton AL 35046