# EXHIBIT "A"
# Part 3

# LIFE INSURANCE

## OTHER BENEFIT FEATURES

### *WHAT COVERAGE IS AVAILABLE IF YOU END EMPLOYMENT OR YOU WORK REDUCED HOURS? (Portability)*

If your employment ends with or you retire from your Employer or you are working less than the minimum number of hours as described under Eligible Groups in this plan, you may elect portable coverage for yourself and your dependents.

In case of your death, your insured dependents also may elect portable coverage for themselves. However, children cannot become insured for portable coverage unless the spouse also becomes insured for portable coverage.

### *PORTABLE INSURANCE COVERAGE AND AMOUNTS AVAILABLE*

The portable insurance coverage will be the current coverage and amounts that you and your dependents are insured for under your Employer's group plan.

However, the amount of portable coverage for you will not be more than:

- the highest amount of life insurance available for employees under the plan; or
- 5x your annual earnings; or
- $750,000 from all Unum group life and accidental death and dismemberment plans combined,

whichever is less.

The amount of ported life insurance must be equal to or greater than the amount of ported accidental death and dismemberment insurance.

The amount of portable coverage for your spouse will not be more than:

- the highest amount of life insurance available for spouses under the plan; or
- 100% of your amount of portable coverage; or
- $750,000 from all Unum group life and accidental death and dismemberment plans combined,

whichever is less.

The amount of ported life insurance must be equal to or greater than the amount of ported accidental death and dismemberment insurance.

The amount of portable coverage for a child will not be more than:

- the highest amount of life insurance available for children under the plan; or
- 100% of your amount of portable coverage; or
- $20,000,

whichever is less.

The amount of ported life insurance must be equal to or greater than the amount of ported accidental death and dismemberment insurance.

LIFE-OTR-1   (6/1/2000) REV

- your surviving spouse is insured under this plan and chooses not to elect portable coverage;
- your surviving spouse has an injury or sickness, under the terms of this plan, which has a material effect on life expectancy;
- your child has an injury or sickness, under the terms of this plan, which has a material effect on life expectancy;
- the policy is cancelled (the Policy is the group policy issued to the Trustees of the Select Group Insurance Trust in which your Employer participates); or
- you failed to pay the required premium under the terms of this plan for your child.

If we determine that because of an injury or sickness, which has a material effect on life expectancy, you or your dependents were not eligible for portability at the time you or your dependents elected portable coverage, the benefit will be adjusted to the amount of whole life coverage the premium would have purchased under the Conversion Privilege.

## APPLYING FOR INCREASES OR DECREASES IN PORTABLE COVERAGE

You or your dependents may increase or decrease the amount of life insurance coverage. The minimum and maximum benefit amounts are shown above. However, the amount of life insurance coverage cannot be decreased below $5,000 for you and $1,000 for your dependents. All increases are subject to evidence of insurability. Portable coverage will reduce at the ages and amounts shown in the LIFE INSURANCE **"BENEFITS AT A GLANCE"** page.

## ADDING PORTABLE COVERAGE FOR DEPENDENTS

If you choose not to enroll your dependents when your dependents were first eligible for portable coverage, you may enroll your dependents at any time for the amounts allowed under the group plan. Evidence of insurability is required.

You may enroll newly acquired dependents at any time for the amounts allowed under the group plan. Evidence of insurability is required.

## WHEN PORTABLE COVERAGE ENDS

Portable coverage for you will end for the following reasons:

- the date you fail to pay any required premium; or
- the date the policy is cancelled (the Policy is the group policy issued to the Trustees of the Select Group Insurance Trust in which your Employer participates).

Portable coverage for a spouse will end for the following reasons:

- the date you fail to pay any required premium;
- the date your surviving spouse fails to pay any required premium; or
- the date the policy is cancelled (the Policy is the group policy issued to the Trustees of the Select Group Insurance Trust in which your Employer participates).

Portable coverage for a child will end for the following reasons:

- the date you fail to pay any required premium;
- the date your surviving spouse fails to pay any required premium;

LIFE-OTR-3   (6/1/2000) REV

- the date the policy is cancelled (the Policy is the group policy issued to the Trustees of the Select Group Insurance Trust in which your Employer participates);
- the date your child no longer qualifies as a dependent; or
- the date the surviving spouse dies.

If portable coverage ends due to failure to pay required premium, portable coverage cannot be reinstated.

## PREMIUM RATE CHANGES FOR PORTABLE COVERAGE

Unum may change premium rates for portable coverage at any time for reasons which affect the risk assumed, including those reasons shown below:

- changes occur in the coverage levels;
- changes occur in the overall use of benefits by all insureds;
- changes occur in other risk factors; or
- a new law or a change in any existing law is enacted which applies to portable coverage.

The change in premium rates will be made on a class basis according to Unum's underwriting risk studies. Unum will notify the insured in writing at least 31 days before a premium rate is changed.

## APPLYING FOR CONVERSION, IF PORTABLE COVERAGE ENDS OR IS NOT AVAILABLE

If you or your dependent is not eligible to apply for portable coverage or portable coverage ends, then you or your dependent may qualify for conversion coverage. Refer to Conversion Privilege under this plan.

Ask your Employer for a conversion application form which includes cost information.

When you complete the application, send it with the first premium amount to:

Unum - Conversion Unit
2211 Congress Street
Portland, Maine  04122-1350
1-800-343-5406

# ERISA

## SUMMARY PLAN DESCRIPTION

**Name of Plan:**
Baptist Health System, Inc.

**Policy Number:**
292000

**Identification Number:**
550459   001

**Participants Included:**
Refer to Eligible Group(s) under each plan.

**Name and Address of Employer:**
Baptist Health System, Inc.
PO Box 830605
3500 Blue Lake Dr.
Birmingham, Alabama
35283-0605

**Contributions:**
Refer to "Who Pays For The Coverage" under each plan.

**Plan Identification Number:**
a.  Employer IRS Identification #:  63-0312913
b.  Plan #:  502

**Plan Year Ends:**
December 31

**Plan Administrator, Name,
Address, and Telephone Number:**
Baptist Health System, Inc.
PO Box 830605
3500 Blue Lake Dr.
Birmingham, Alabama
35283-0605
(205) 715-5479

**Agent for Service of
Legal Process on the Plan:**
Baptist Health System, Inc.
PO Box 830605
3500 Blue Lake Dr.
Birmingham, Alabama
35283-0605

## *TYPE OF ADMINISTRATION*

Insurer Administration

ERISA-1   (6/1/2000) REV

## AMENDING UNUM'S SUMMARY OF BENEFITS

The Summary of Benefits may be changed in whole or in part. The Employer can request a Summary of Benefits change. Only an officer or registrar of Unum can approve a change. The change must be in writing and endorsed on or attached to the Summary of Benefits.

NOTE: If you end active employment, see your supervisor to determine what arrangements, if any, may be made to continue your coverage beyond the date you end active employment.

## WHO CAN CANCEL OR MODIFY THE SUMMARY OF BENEFITS OR A PLAN UNDER THE SUMMARY OF BENEFITS?

The Summary of Benefits or a plan under the Summary of Benefits can be cancelled:

- by Unum; or
- by the Employer.

Unum may cancel or modify the Summary of Benefits or a plan if:

- there is less than 100% participation of those eligible employees for Employer paid plan; or
- there is less than 75% participation of those eligible employees who pay all or part of the premium for a basic benefit plan; or
- the number of employees insured for all additional benefits is less than 15 lives or 25% of those eligible, whichever is greater; or
- the number of employees insured under a plan decreases by 25%; or
- the Employer does not promptly provide Unum with information that is reasonably required; or
- the Employer fails to perform any of its obligations that relate to the Summary of Benefits; or
- fewer than 15 employees are insured under a plan; or
- the premium is not paid in accordance with the provisions of the Summary of Benefits that specify whether the Employer, the employee, or both, pay the premiums; or
- the Employer does not promptly report to Unum the names of any employees who are added or deleted from the eligible group; or
- Unum determines that there is a significant change, in the size, occupation or age of the eligible group as a result of a corporate transaction such as a merger, divestiture, acquisition, sale, or reorganization of the Employer and/or its employees; or
- the Employer fails to pay any portion of the premium within the 45 day grace period.

If Unum cancels or modifies the Summary of Benefits or a plan, for reasons other than the Employer's failure to pay premium, a written notice will be delivered to the Employer at least 31 days prior to the cancellation date or modification date. The Employer may cancel the Summary of Benefits or plan if the modifications are unacceptable.

If any portion of the premium is not paid during the grace period, Unum will either cancel or modify the Summary of Benefits or a plan automatically at the end of the

grace period. The Employer is liable for premium for coverage during the grace period. The Employer must pay Unum all premium due for the full period each plan is in force.

The Employer may cancel the Summary of Benefits or a plan by written notice delivered to Unum at least 31 days prior to the cancellation date. When both the Employer and Unum agree, the Summary of Benefits or a plan can be cancelled on an earlier date. If Unum or the Employer cancels the Summary of Benefits or a plan, coverage will end at 12:00 midnight on the last day of coverage.

If the Summary of Benefits or a plan is cancelled, the cancellation will not affect a payable claim.

## WHAT ARE YOUR RIGHTS UNDER ERISA?

If your Employer is subject to the Employee Retirement Income Security Act of 1974 (ERISA), as a participant of the plan, you are entitled to certain rights and protections. ERISA provides that all plan participants shall be entitled to:

- examine, without charge, at the Plan Administrator's office and at other specified locations, all plan documents including insurance contracts, and copies of all documents filed by the plan with the U.S. Department of Labor, such as detailed annual reports and plan descriptions;
- obtain copies of all plan documents and other plan information upon written request to the Plan Administrator. The Plan Administrator may make a reasonable charge for the copies; and
- receive a summary of the plan's annual financial report. The Plan Administrator is required by law to furnish each participant with a copy of this summary annual report.

In addition to creating rights for plan participants, ERISA imposes duties upon the people who are responsible for the operation of the employee benefit plan.

The people who operate your plan, called "fiduciaries" of the plan, have a duty to do so prudently and in the interest of you and other plan participants and beneficiaries.

No one, including your Employer, or any other person, may fire you or otherwise discriminate against you in any way to prevent you from obtaining a benefit or exercising your rights under ERISA.

If your claim for a benefit is denied, in whole or in part, you must receive a written explanation of the reason for the denial. You have the right to have your claim reconsidered.

Under ERISA, there are steps you can take to enforce the above rights. For instance, if you request materials from the plan and do not receive them within 30 days, you may file suit in a federal court. In such a case, the court may require the Plan Administrator to provide the materials and pay you up to $110 a day until you receive the materials, unless the materials were not sent because of reasons beyond the control of the Administrator.

If you have a claim for benefits which is denied or ignored, in whole or in part, you may file suit in a state or federal court. If it should happen that plan fiduciaries misuse the plan's money, or if you are discriminated against for asserting your rights,

ERISA-3  (6/1/2000) REV

you may seek assistance from the U.S. Department of Labor, or you may file suit in a federal court. The court will decide who should pay court costs and legal fees. If you are successful, the court may order the person you have sued to pay these costs and fees. If you lose, the court may order you to pay these costs and fees, for example, if it finds your claim is frivolous.

If you have any questions about your plan, you should contact the Plan Administrator.

If you have any questions about this statement or about your rights under ERISA, you should contact the nearest office of the Pension and Welfare Benefits Administration, U.S. Department of Labor, listed in your telephone directory or the Division of Technical Assistance and Inquiries, Pension and Welfare Benefits Administration, U.S. Department of Labor, 200 Constitution Avenue, N.W., Washington, D.C. 20210.

## AMENDING THE EMPLOYER'S ERISA PLAN

The Employer's ERISA plan may be changed in whole or in part by the Employer's company. Such changes must be in writing and endorsed on or attached to the ERISA plan.

## WHAT IF YOUR CLAIM IS DENIED?

In the event that your claim is denied, either in full or in part, Unum will notify you in writing within 90 days after your claim form was filed. Under special circumstances, Unum is allowed an additional period of not more than 90 days (180 days in total) within which to notify you of its decision. If such an extension is required, you will receive a written notice from Unum indicating the reason for the delay and the date you may expect a final decision. Unum's notice of denial shall include:

- the specific reason or reasons for denial with reference to those Summary of Benefits' provisions on which the denial is based;
- a description of any additional material or information necessary to complete the claim and of why that material or information is necessary; and
- the steps to be taken if you or your beneficiary wish to have the decision reviewed.

Please note that if Unum does not respond to your claim within the time limits set forth above, you should automatically assume that your claim has been denied and you should begin the appeal process at that time.

## WHAT DO YOU DO TO APPEAL?

If you or your authorized representative appeal a denied claim, it must be submitted within 90 days after you receive Unum's notice of denial. You have the right to:

- submit a request for review, in writing, to Unum;
- review pertinent documents; and
- submit issues and comments in writing to Unum.

Unum will make a full and fair review of the claim and may require additional documents as it deems necessary or desirable in making such a review. A final decision on the review shall be made not later than 90 days following receipt of the written request for review. If special circumstances require an extension of time for

processing, you will be notified of the reasons for the extension, and a decision shall be made not later than 120 days following receipt of the request for review. The final decision on review shall be furnished in writing and shall include the reasons for the decision with reference, again, to those Summary of Benefits' provisions upon which the final decision is based.

# GLOSSARY

**ACCREDITED SCHOOL** means an accredited post-secondary institution of higher learning for full-time students beyond the 12th grade level.

**ACTIVE EMPLOYMENT** means you are working for your Employer for earnings that are paid regularly and that you are performing the material and substantial duties of your regular occupation. You must be working at least the minimum number of hours as described under Eligible Group(s) in each plan.

Your work site must be:

- your Employer's usual place of business;
- an alternative work site at the direction of your Employer, including your home; or
- a location to which your job requires you to travel.

Normal vacation is considered active employment.
Temporary and seasonal workers are excluded from coverage.

**ACTIVITIES OF DAILY LIVING** means:

- Bathing - the ability to wash oneself either in the tub or shower or by sponge bath with or without equipment or adaptive devices.
- Dressing - the ability to put on and take off all garments and medically necessary braces or artificial limbs usually worn.
- Toileting - the ability to get to and from and on and off the toilet; to maintain a reasonable level of personal hygiene, and to care for clothing.
- Transferring - the ability to move in and out of a chair or bed with or without equipment such as canes, quad canes, walkers, crutches or grab bars or other support devices including mechanical or motorized devices.
- Continence - the ability to either:
  - voluntarily control bowel and bladder function; or
  - if incontinent, be able to maintain a reasonable level of personal hygiene.
- Eating - the ability to get nourishment into the body.

A person is considered unable to perform an activity of daily living if the task cannot be performed safely without another person's stand-by assistance or verbal cueing.

**ANNUAL EARNINGS** means your annual income received from your Employer as defined in the plan.

**ANNUAL ENROLLMENT PERIOD** means a period of time before the beginning of each plan year.

**COGNITIVELY IMPAIRED** means a person has a deterioration or loss in intellectual capacity resulting from injury, sickness, advanced age, Alzheimer's disease or similar forms of irreversible dementia and needs another person's assistance or verbal cueing for his or her own protection or for the protection of others.

**ELIMINATION PERIOD** means a period of continuous disability which must be satisfied before you are eligible to have your life premium waived by Unum.

**EMPLOYEE** means a person who is in active employment in the United States with the Employer.

# UNUM.

Unum Life Insurance Company of America
Portland, Maine 04122

## APPLICATION FOR PARTICIPATION in THE SELECT GROUP INSURANCE TRUST

**To:** The Trustees of The Select Group Insurance Trust and Unum Life Insurance Company of America

Name of Employer/Applicant  **BAPTIST HEALTH SYSTEM, Inc**

Address:  **3500 BLUE LAKE DRIVE, P.O. Box 830605**

**BIRMINGHAM** (City)        **AL** (State)        **35283- 0605** (Zip)

requests approval to participate in the above named Group Insurance Trust and that

- ☒ Group Life Benefits
- ☐ Group Lifestyle Protection Life Benefits
- ☐ Group Universal Life Benefits
- ☐ Group Accidental Death & Dismemberment Benefits
- ☐ Group Lifestyle Protection Accidental Death & Dismemberment Benefits
- ☐ Group Short Term Disability Benefits
- ☐ Group Long Term Disability Benefits
- ☐ Group Long Term Care Benefits

be made available to its eligible employees under the terms of the Policy(ies) issued to the Trustee(s) of the Trust. The effective date of this insurance coverage is to be **05/01/2000** or such other date as the Insurance Company approves, whichever is later. If this request is approved, no insurance for which evidence of insurability is required will become effective until approved by the Insurance Company at its Home Office.

Is there any group life insurance plan in force or being applied for on some or all employees? ☐ Yes ☐ No
If yes, complete the following or list the prior carriers:

| Employee Class | Maximum Amounts | Name of Carrier | Effective Dates | Termination Dates |
|---|---|---|---|---|
| All Eligible | $600,000 | CIGNA | 01/01/1997 | 4/30/2000 |
|  |  |  | __/__/____ | __/__/____ |
|  |  |  | __/__/____ | __/__/____ |

By this application, the Employer/Applicant agrees and accepts the terms of the Trust Agreement for the Trust named above for so long as it elects to participate in the Trust. This includes all amendments to the Trust Agreement and any Rules and Regulations adopted by the Trustee(s) under the same Agreement.

The Employer/Applicant authorizes the Trustee(s) to act as its agent for the purposes set forth in the Trust Agreement. This includes functions relevant to the administration of Group Insurance; including but not limited to: (1) collection of premiums; (2) holding insurance policy(ies); and (3) delegation of agency to insurers. The Employer/Applicant also: (1) agrees to remit regularly the required premium payments; and (2) elects coverage as shown in the Summary of Benefits.

The Employer/Applicant acknowledges that the group policy(ies) under which insurance is provided contain(s) numerous optional provisions which are available in order to provide each employer with the ability to select provisions which meet its own needs. It is understood and agreed that only those provisions which appear in the Summary of Benefits provided to the Employer/Applicant apply to its insurance coverage.

Only approval of this request in writing by the Trustees shall permit the employer/applicant to participate in the above Trust. Insurance will become effective upon approval of the Insurance Company at its Home Office.

Dated at **BIRMINGHAM, AL**        **BAPTIST HEALTH SYSTEM, Inc.**

on **04/05/2000**  By: X **Connie D. Burlington**    **Director Benefits** (Applicant)
                                    (Signature and Title)

Producer Name: **ELLISON GRAY**        Producer Signature: _____
(Please Print)

SS# / Tax ID#: _____  State ID #: _____  Policy Effective Date: **06/01/2000**

PRODUCER INFORMATION: For Commission purposes, please list the producers for this application. Use full names, including complete business names. To ensure proper payment of commissions, include each producer's tax identification number (social security number or corporate tax id) and state identification number where applicable. If more than one producer, please be sure to specify the split %. For corporate producers, please specify the signing representative's name and ID #'s.

| | Producer Name (Please print full name) | SS# / Tax ID# (where applicable) | State ID# (where applicable) | Split % age (Must total 100%) | Unum Producer # (If known) |
|---|---|---|---|---|---|
| 1. | COBBS, ALLEN + HALL | 63-1066366 |  |  |  |
| 2. |  |  |  |  |  |
| 3. |  |  |  |  |  |

461-84                                                                                      (6/98)

# NOTICE OF PRIVACY PRACTICES

UnumProvident Corporation and its subsidiaries

Unum Life Insurance Company of America
First Unum Life Insurance Company
Provident Life & Accident Insurance Company
Provident Life & Casualty Insurance Company
Colonial Life & Accident Insurance Company
Paul Revere Life Insurance Company
Paul Revere Variable Life Insurance Company

Congress recently passed the Gramm-Leach-Bliley (GLB) Act, which deals in part with how financial institutions treat nonpublic personal financial information. UnumProvident Corporation and its insuring subsidiaries have always been committed to maintaining customer confidentiality. We appreciate this opportunity to clarify our privacy practices for you as a result of this new law.

- As part of our insurance business, we obtain certain "nonpublic personal financial information" about you, which for ease of reading we will refer to as "information" in this notice. This information includes information we receive from you on applications or other forms, information about your transactions with us, our affiliates or others, and information we receive from a consumer reporting agency.
- We restrict access to the information to authorized individuals who need to know this information to provide service and products to you.
- We maintain physical, electronic, and procedural safeguards that protect your information.
- We do not disclose this information about you or any former customers to anyone, except as permitted by law.
- Employees share this information outside the company only as authorized by you or for a specific business purpose.
- The law permits us to share this information with our affiliates, including insurance companies and insurance service providers.
- The law also permits us to share this information with companies that perform marketing services for us, or other financial institutions that have joint marketing agreements with us.

We may also share other types of information with our affiliates, including insurance companies and insurance service providers. This information may be financial or other personal information such as employment history and it may not be directly related to our transaction with you. Consistent with the Fair Credit Reporting Act, our standard authorizations permit us to share this information with our affiliates.

You do not need to call, or do anything as a result of this notice. It is meant to inform you of how we safeguard your nonpublic personal financial information. You may wish to file this notice with your insurance papers.

If you want to learn more about the GLB Act, please visit our web sites at www.unum.com or www.unum.com/colonial, or contact your insurance professional.

We value our relationship with you and strive to earn your continued trust.

GLB-1   (6/1/2000) REV

**TRUST** means the policyholder trust named on the first page of the Summary of Benefits and all amendments to the policy.

**WAITING PERIOD** means the continuous period of time (shown in each plan) that you must be in active employment in an eligible group before you are eligible for coverage under a plan.

**WE, US** and **OUR** means Unum Life Insurance Company of America.

**YOU** means an employee who is eligible for Unum coverage.

**EMPLOYER** means the Employer/Applicant named in the Application For Participation in the Select Group Insurance Trust, on the first page of the Summary of Benefits and in all amendments. It includes any division, subsidiary or affiliated company named in the Summary of Benefits.

**EVIDENCE OF INSURABILITY** means a statement of your or your dependent's medical history which Unum will use to determine if you or your dependent is approved for coverage. Evidence of insurability will be at Unum's expense.

**FAMILY STATUS CHANGE** means any of the following events:

- you get married or divorced;
- your child is born;
- you adopt a child;
- your spouse or child dies;
- your spouse starts or ends employment;
- you or your spouse become full-time or part-time employees; or
- you or your spouse take an unpaid leave of absence.

**GAINFUL OCCUPATION** means an occupation that within 12 months of your return to work is or can be expected to provide you with an income that is at least equal to 60% of your annual earnings in effect just prior to the date your disability began.

**GRACE PERIOD** means the period of time following the premium due date during which premium payment may be made.

**HOSPITAL OR INSTITUTION** means an accredited facility licensed to provide care and treatment for the condition causing your disability.

**INJURY** means:

- **for purposes of Portability**, a bodily injury that is the direct result of an accident and not related to any other cause.
- **for all other purposes**, a bodily injury that is the direct result of an accident and not related to any other cause. Disability must begin while you are covered under the plan.

**INSURED** means any person covered under a plan.

**LAW, PLAN OR ACT** means the original enactments of the law, plan or act and all amendments.

**LAYOFF** or **LEAVE OF ABSENCE** means you are temporarily absent from active employment for a period of time that has been agreed to in advance in writing by your Employer.

Your normal vacation time or any period of disability is not considered a temporary layoff or leave of absence.

**LIFE INSURANCE BENEFIT** means the total benefit amount for which an individual is insured under this plan subject to the maximum benefit.

**LIFE THREATENING CONDITION** is a critical health condition that possibly could result in your dependent's loss of life.

**PAYABLE CLAIM** means a claim for which Unum is liable under the terms of the Summary of Benefits.

**PHYSICIAN** means:

- a person performing tasks that are within the limits of his or her medical license; and
- a person who is licensed to practice medicine and prescribe and administer drugs or to perform surgery; or
- a person with a doctoral degree in Psychology (Ph.D. or Psy.D.) whose primary practice is treating patients; or
- a person who is a legally qualified medical practitioner according to the laws and regulations of the governing jurisdiction.

Unum will not recognize you, or your spouse, children, parents or siblings as a physician for a claim that you send to us.

**PLAN** means a line of coverage under the Summary of Benefits.

**REGULAR CARE** means:

- you personally visit a physician as frequently as is medically required, according to generally accepted medical standards, to effectively manage and treat your disabling condition(s); and
- you are receiving the most appropriate treatment and care which conforms with generally accepted medical standards, for your disabling condition(s) by a physician whose specialty or experience is the most appropriate for your disabling condition(s), according to generally accepted medical standards.

**RETAINED ASSET ACCOUNT** is an interest bearing account established through an intermediary bank in the name of you or your beneficiary, as owner.

**RETIREMENT PLAN** means a defined contribution plan or defined benefit plan. These are plans which provide retirement benefits to employees and are not funded entirely by post tax or employee contributions, as that term is used in the Internal Revenue Code of 1986, as amended.

**SICKNESS** means:

- **for purposes of Portability**, an illness, disease or symptoms for which a person, in the exercise of ordinary prudence, would have consulted a health care provider.
- **for all other purposes**, an illness or disease. Disability must begin while you are covered under the plan.

**TOTALLY DISABLED** means that, as a result of an injury, a sickness or a disorder, your dependent:

- is confined in a hospital or similar institution;
- is unable to perform two or more activities of daily living (ADLs) because of a physical or mental incapacity resulting from an injury or a sickness;
- is cognitively impaired; or
- has a life threatening condition.

GLOSSARY-3  (6/1/2000) REV

IN THE CIRCUIT COURT OF CHILTON COUNTY, ALABAMA

*Mary Faye King*
PLAINTIFF,

V.                                        Case NO. *CV-05-311B*

*Provident Life & Accident*
DEFENDANT.
*Ins. Co. et al*

ORDER ON MOTION

**This matter is before the Court on the Motion of**

*Deft., Provident Life and Accident Ins. Co.*

to *Dismiss.*

_____.

Upon consideration the Court finds that the

Motion is _____well taken.  It is therefore

ORDERED, ADJUDGED and DECREED that the Motion be and is

hereby _____.

The _____is allowed _____ days

from this date in which to _____

_____.

_____

_____

    DONE and ORDERED this _____ day of _____,
19___.

                    _____
                    Circuit Judge - 19th Judicial Circuit

    copies to:
        Plaintiff
        Defendant

FILE COPY

'LE COPY

## IN THE CIRCUIT COURT OF CHILTON COUNTY, ALABAMA

| | |
|---|---|
| MARY FAYE KING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No.: 2005-000311 |
| | ) |
| PROVIDENT LIFE AND ACCIDENT | ) |
| INSURANCE COMPANY, et al., | ) |
| | ) |
| Defendant(s). | ) |

## SUMMONS

This service by certified mail of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

**NOTICE TO:**        **UNUM Life Insurance Company of America**
                          **c/o Kathryn A. Reid, Registered Agent**
                          **2211 Congress Street**
                          **Portland, ME 04112**

The Complaint, which is attached to this summons, is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to Jeffrey C. Kirby, the attorney for the Plaintiff whose address is PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C., 1100 Park Place Tower, Birmingham, Alabama 35203. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT, AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDS IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court with a reasonable time afterward.

Dated: 1-12-06                    _Mike Smith_
                          **CLERK OF COURT**

IN THE CIRCUIT COURT FOR CHILTON COUNTY, ALABAMA

### CIVIL ACTION NO. CV 05-000311

**MARY FAYE KING,**

    **Plaintiff,**

vs.

**PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, et al.,**

    **Defendant(s).**

### AMENDMENT TO COMPLAINT

    Come now the plaintiffs and more correctly designates through fictitious parties the name of the defendant, UNUM Life Insurance Company of America in the above-styled cause.

                             Jeffrey C. Kirby
                             Attorney for Plaintiff

<u>OF COUNSEL:</u>
PITTMAN, HOOKS, DUTTON & HOLLIS, P.C.
Suite 1100 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203
(205) 322-8880

### REQUEST FOR SERVICE

    Pursuant to ARCP 4.1 and 4.2, Plaintiff requests service of the foregoing "Summons and Complaint" by certified mail.

        UNUM LIFE INSURANCE COMPANY OF AMERICA
        C/O KATHRYN A REID, REGISTERED AGENT
        2211 CONGRESS STREET
        PORTLAND, ME 04112

**Certificate of Service**

I hereby certify that I have on this the 11th day of Jan. , 2006, served a copy of the foregoing instrument on counsel for all parties by placing a copy of same in the United States Mail, properly addressed and first class postage prepaid, or by hand delivery, as follows:

Kaye Kamman Houser, Esquire
Stephen Robert Geisler, Esquire
Sirote & Permutt, P.C.
P. O. Box 55727
Birmingham , AL 35255-5727

Baptist Shelby Medical Center
d/b/a Baptist Health Systems
Kerry Black, Registered Agent
3201 4th Avenue South
Birmingham, Alabama 35222


_____
OF COUNSEL

## IN THE CIRCUIT COURT OF CHILTON COUNTY, ALABAMA

| | |
|---|---|
| MARY FAYE KING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No.: 2005- 000311 |
| | ) |
| PROVIDENT LIFE AND ACCIDENT | ) |
| INSURANCE COMPANY, et al., | ) |
| | ) |
| Defendant(s). | ) |

## SUMMONS

This service by certified mail of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

NOTICE TO:                    **Provident Life and Accident Insurance Company**
                             **c/o CT Corporation Company**
                             **2000 Interstate Park Ste. 204**
                             **Montgomery, Alabama 36109**

The Complaint, which is attached to this summons, is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to Jeffrey C. Kirby, the attorney for the Plaintiff whose address is PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C., 1100 Park Place Tower, Birmingham, Alabama 35203. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT, AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDS IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court with a reasonable time afterward.

Dated: _____     _____
                             **CLERK OF COURT**

**EXHIBIT A**

## IN THE CIRCUIT COURT OF CHILTON COUNTY, ALABAMA

| | |
|---|---|
| **MARY FAYE KING,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) **Civil Action No.:** _____ |
| | ) |
| **PROVIDENT LIFE AND ACCIDENT** | ) |
| **INSURANCE COMPANY, et al.,** | ) |
| | ) |
| **Defendant(s).** | ) |

### SUMMONS

This service by certified mail of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

NOTICE TO:            **Baptist Shelby Medical Center**
**d/b/a Baptist Health System, Inc.**
**C/o Kerry Black, Registered Agent**
**3201 4th Avenue South**
**Birmingham, Alabama 35222**

The Complaint, which is attached to this summons, is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to Jeffrey C. Kirby, the attorney for the Plaintiff whose address is PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C., 1100 Park Place Tower, Birmingham, Alabama 35203. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT, AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDS IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court with a reasonable time afterward.

Dated: _____        _____
                                    **CLERK OF COURT**

IN THE CIRCUIT COURT OF CHILTON COUNTY, ALABAMA

CASE NO.: CV 05 - 000311

MARY FAYE KING ,

   Plaintiff,

v.

PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY; BAPTIST SHELBY
MEDICAL CENTER d/b/a BAPTIST HEALTH SYSTEM, INC. and Fictitious Defendants
No. 1, whether singular or plural, that entity who or which sold any policy to Plaintiffs prior to the
incident made the basis of this lawsuit; No. 2, whether singular or plural, that entity who or which,
as an agent, sold any policy to the plaintiffs made the basis of this lawsuit; No. 3, whether singular
or plural, Plaintiffs hereby intending to designate that certain insurance agency which, through its
agents or otherwise, sold plaintiffs any policy made the basis of this suit; No. 4, whether singular or
plural, that entity who or which, through agents or otherwise, marketed to Plaintiffs any policy on or
before the filing of this lawsuit; No. 5, whether singular or plural, Plaintiffs hereby intending to
designate that certain insurance company which issued, insured, or participated in the matters
alleged herein; No. 6, whether singular or plural, that entity who or which sold to Plaintiffs any
insurance policy No. 9, whether singular or plural, that entity who or which was a representative,
managing general agent, agent, claim specialist and/or underwriter for any insurance company
which in any way may be involved with Plaintiffs' insurance policies ; No. 10, whether singular or
plural that entity who or which, as described above, is the predecessor corporation of any of the
entities described above or in the body of the complaint; and No. 11, whether singular or plural, that
entity who or which, as described above, is the successor corporation of any of the entities described
herein; and No. 12 whether singular or plural, that entity who or which had any involvement with
the denial of said claims. (Plaintiff avers that the identities of the Fictitious Party Defendants herein
are otherwise unknown to the Plaintiff at this time or, if their names are known to Plaintiff at this
time, their identities as proper party defendants are not known to the plaintiff at this time, and their
true names will be substituted by amendment when ascertained.);

   Defendants.

# COMPLAINT

## PARTIES

1.  Plaintiff, MARY FAYE KING (hereinafter "KING"), is above the age of nineteen

years of age and is a resident of Chilton County, Alabama.

2.    Defendant, PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY (hereinafter "PROVIDENT"), is a foreign insurance company which operates in the state of Alabama.

3.    Defendant, BAPTIST SHELBY MEDICAL CENTER d/b/a BAPTIST HEALTH SYSTEM, INC. (hereinafter "BAPTIST"), is owned, operated and/or managed a hospital facility known as Baptist Shelby Medical Center in Alabaster, Alabama.  BAPTIST employed the Plaintiff and provided a life and/or disability insurance policy to the Plaintiff as consideration for Plaintiff's employment.


## FACTS

4.    Up and until the date of her disability, Plaintiff was employed by and insured under a policy of insurance issued to Baptist Shelby Medical Center.  BAPIST is and was an Alabama public corporation originally incorporated in the state of Alabama.

5.    Defendants, PROVIDENT and BAPTIST, issued a life and/or disability insurance policy to Plaintiff in consideration for the premiums paid by Plaintiff and/or BAPTIST.

6.    Defendant BAPTIST collected premiums and assisted in the administration of Plaintiff's life and/or disability policy.

7.    Benefits pursuant to the life and/or disability insurance contract were available to Plaintiff at all times relevant to this Complaint.

8.    Defendants, PROVIDENT and BAPTIST, provided the Plaintiff with a policy of

insurance for coverage for disability and life insurance.

9.      Plaintiff is totally disabled and not able to function in a workplace setting at any occupation.

10.     Plaintiff filed a claim and for waiver of premium benefits under her life insurance policy through Defendant, PROVIDENT.

11.     On September 2, 2004 plaintiff was terminated by BAPTIST.

12.     Defendant, PROVIDENT, wrongfully denied and failed to pay the Plaintiff's claims for her life insurance premiums.  Plaintiff has suffered damages as a direct and proximate result of Defendant's conduct.

## COUNT I

### FRAUD

13.     Plaintiff adopts and incorporates by reference paragraphs 1- 12 of her complaint as if the same were fully set out herein.

14.     Defendants, PROVIDENT and BAPTIST, defrauded Plaintiff and misrepresented the material facts of her eligibility for life and/or disability insurance benefits.  Plaintiff relied on the misrepresentations to her detriment.  Said misrepresentations of material facts and fraud were committed willfully and maliciously and with the intent to defraud and deceive Plaintiff.

15.     The named defendants committed said fraud by representing to Plaintiff that she would receive a waiver of premium insurance as a result of Plaintiff's inability to work. PROVIDENT accepted Plaintiff's and/or BAPTIST's premium payments for said insurance

coverage. When Plaintiff made a claim on the policy of insurance, Defendant, PROVIDENT, denied coverage and refused to pay the claim.

16.     As a proximate cause of the fraud and misrepresentation of Defendants, Plaintiff has suffered damages. Plaintiff has been denied benefits under said policy of insurance and has suffered emotional and mental distress.

## COUNT II

### SUPPRESSION OF MATERIAL FACTS

17.     Plaintiff adopts and incorporates by reference paragraphs 1- 16 of her complaint as if the same were fully set out herein.

18.     Defendants, PROVIDENT and BAPTIST, fraudulently suppressed and/or concealed material facts from Plaintiff concerning her insurance and/or disability insurance coverage with Defendants.

19.     Defendants, PROVIDENT and BAPTIST, were under a duty to disclose these material facts to the Plaintiff.

20.     As a proximate result of Defendant's fraudulent suppression and/or concealment, Plaintiff was caused to be damaged as described herein.

## COUNT III

### UNJUST ENRICHMENT

21.     Plaintiff adopts and incorporates by reference paragraphs 1- 20 of her complaint as if the same were fully set out herein.

22.    Defendant BAPTIST received services from the Plaintiff in consideration of her employment benefits, including the alleged life and/or disability benefits. Defendant BAPTIST assisted PROVIDENT in the maintenance and administration of the terms and coverage for the life and/or disability benefits.

23.    Defendants PROVIDENT and BAPTIST received and currently possess monies which belong to Plaintiff which were obtained wrongfully, through fraud and/or deceptive practices.

24.    As a proximate cause of Defendants retaining these monies, Plaintiff has been injured as described hereinabove.

25.    The aforementioned acts and conduct by the Defendants, described in particularity hereinabove, have resulted in the Defendants' unjust enrichment to the detriment of Plaintiff.


## COUNT IV

## CONVERSION

26.    Plaintiff adopts and incorporates by reference paragraphs 1- 25 of her complaint as if the same were fully set out herein.

27.    Defendant BAPTIST collected life and/or disability insurance premiums from the Plaintiff. These premium payments were wrongfully appropriated by Defendants PROVIDENT and BAPTIST for Defendants' own use and benefit. Said premium payments constitute specific money, capable of identification. Said premium payments were specifically withdrawn from the Plaintiff's paycheck and/or paid to BAPTIST by plaintiff at the direction of the Defendants PROVIDENT and BAPTIST.

28.    Defendants PROVIDENT and BAPTIST have willfully exercised unlawful dominion and control over said funds.

## COUNT V

### BREACH OF CONTRACT

29.    Plaintiff adopts and incorporates by reference paragraphs 1- 29 of her complaint as if the same were fully set out herein.

30.    The plaintiff insured under a contract of insurance issued by the defendant, PROVIDENT.    The plaintiff provided the defendant with all information and documents requested by the defendant and otherwise compiled with all provisions of said contract.    In violation of the express terms of said contract, PROVIDENT denied plaintiff's claims for benefits.

31.    As a direct and proximate consequence of PROVIDENT's breach of the life and/or disability contract, Plaintiff has been injured and damaged by not receiving waiver of premium benefits and suffering mental anguish.

## COUNT VI

### BAD FAITH FAILURE TO PAY INSURANCE

32.    Plaintiff adopts and incorporates by reference paragraphs 1- 31 of her complaint as if the same were fully set out herein.

33.    PROVIDENT had a duty imposed by law to exercise good faith and fair dealings

in the performance of the contractual obligations under the terms of the aforesaid policy of insurance and/or disability insurance. This duty was breached, either in that PROVIDENT had no arguable basis for denying Plaintiff's claim or in that it failed to adequately investigate said claim, and denied Plaintiff's claim without determining whether there was any arguable basis for denying it. Said conduct constitutes bad faith.

WHEREFORE, premises considered, plaintiff demands judgment against the defendants, in such an amount of compensatory damages as will reasonably and adequately compensate plaintiff for her injuries or damages, and for punitive damages in an amount that will reflect the enormity of the wrongs committed by the defendants and deter similar conduct in the future by similarly situated entities.

Jeffrey C. Kirby (KIR002)
David J. Hodge (HOD016)
Attorneys for Plaintiff

OF COUNSEL:

PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203
(205) 322-8880
(205) 328-2711 facsimile

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a struck jury for the trial of this case.

_____
Of Counsel for Plaintiff

## REQUEST FOR SERVICE

Pursuant to Alabama Rules of Civil Procedure 4.1 and 4.2, plaintiff requests that the

foregoing Summons and Complaint be served by certified mail.

_____
Of Counsel

## DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL:

PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY
c/o C T Corporation Co.
2000 Interstate Park
Suite 204
Montgomery, Alabama 36109

BAPTIST SHELBY MEDICAL CENTER
d/b/a BAPTIST HEALTH SYSTEM, INC.
c/o Kerry Black, Registered Agent
3201 4th Avenue South
Birmingham, Alabama  35222

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2,    3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Baptist Shelby Medical Center
d/b/a Baptist Health System, Inc
c/o Kerry Black, Registered Agen
3201 4th Avenue South
Birmingham, AL   35222

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____ ☐ Agent
                   ☐ Addresse

B. Received by ( Printed Name )    C. Date of Delive

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandi
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☒ Yes

2. Article Number
   (Transfer from service label)    7005 1160 0002 9176 3914

PS Form 3811, August 2001    Domestic Return Receipt    CV 05 . 311B    102595-01-M-2

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1,      d 3. Also complete item 4 if Restricted  ivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Provident Life & Accident
Insurance Company
c/o CT Corporation Co.
2000 Interstate Park Ste 204
Montgomery, AL   36109

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____ ☐ Agent
                   ☐ Address

B. Received by ( Printed Name )    C. Date of Delive
                                    1-3-05

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☒ Return Receipt for Merchandi
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☒ Yes

2. Article Number
   (Transfer from service labe    7005 1160 0002 9176 3921

PS Form 3811, August 2001    Domestic Return Receipt    CV-05-311 B    102595-01-M-2



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
SPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Mike Smith, Circuit Civil Clerk
Chilton County Courthouse
P.O. Box 1946
500 2nd Avenue North
Clanton, AL  35046-0000

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Chilton County Courthouse
Circuit Civil Clerk, Mike Smith
P.O. Box 1946
500 2nd Avenue North
Clanton, AL  35046-0000

COURT'S ORIGINAL

## IN THE CIRCUIT COURT OF CHILTON COUNTY, ALABAMA

| | |
|---|---|
| **MARY FAYE KING,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) Civil Action No.: CW-05-311 B |
| | ) |
| **PROVIDENT LIFE AND ACCIDENT** | ) |
| **INSURANCE COMPANY, et al.,** | ) |
| | ) |
| **Defendant(s).** | ) |

## SUMMONS

This service by certified mail of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

**NOTICE TO:**        **Provident Life and Accident Insurance Company**
**c/o CT Corporation Company**
**2000 Interstate Park Ste. 204**
**Montgomery, Alabama 36109**

The Complaint, which is attached to this summons, is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to Jeffrey C. Kirby, the attorney for the Plaintiff whose address is PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C., 1100 Park Place Tower, Birmingham, Alabama 35203. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT, AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDS IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court with a reasonable time afterward.

Dated: 10-27-05

_Mike Smith_
**CLERK OF COURT**

## IN THE CIRCUIT COURT OF CHILTON COUNTY, ALABAMA

| | |
|---|---|
| MARY FAYE KING, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No.: *CV- 05-311 B* |
| | ) |
| PROVIDENT LIFE AND ACCIDENT | ) |
| INSURANCE COMPANY, et al., | ) |
| | ) |
|     Defendant(s). | ) |

SUMMONS

This service by certified mail of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

NOTICE TO:            **Baptist Shelby Medical Center**
                                  **d/b/a Baptist Health System, Inc.**
                                  **C/o Kerry Black, Registered Agent**
                                  **3201 4th Avenue South**
                                  **Birmingham, Alabama 35222**

The Complaint, which is attached to this summons, is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to Jeffrey C. Kirby, the attorney for the Plaintiff whose address is PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C., 1100 Park Place Tower, Birmingham, Alabama 35203. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT, AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDS IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court with a reasonable time afterward.

Dated: *10-27-05*                              *Mike Smith*
                                      **CLERK OF COURT**

IN THE CIRCUIT COURT OF CHILTON COUNTY, ALABAMA

CASE NO.: *CU-05-311 B*

**MARY FAYE KING** ,

    Plaintiff,



v.

**PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY; BAPTIST SHELBY MEDICAL CENTER d/b/a BAPTIST HEALTH SYSTEM, INC.** and Fictitious Defendants **No. 1**, whether singular or plural, that entity who or which sold any policy to Plaintiffs prior to the incident made the basis of this lawsuit; **No. 2**, whether singular or plural, that entity who or which, as an agent, sold any policy to the plaintiffs made the basis of this lawsuit; **No. 3**, whether singular or plural, Plaintiffs hereby intending to designate that certain insurance agency which, through its agents or otherwise, sold plaintiffs any policy made the basis of this suit; **No. 4**, whether singular or plural, that entity who or which, through agents or otherwise, marketed to Plaintiffs any policy on or before the filing of this lawsuit; **No. 5**, whether singular or plural, Plaintiffs hereby intending to designate that certain insurance company which issued, insured, or participated in the matters alleged herein; **No. 6**, whether singular or plural, that entity who or which sold to Plaintiffs any insurance policy **No. 9**, whether singular or plural, that entity who or which was a representative, managing general agent, agent, claim specialist and/or underwriter for any insurance company which in any way may be involved with Plaintiffs' insurance policies ; **No. 10**, whether singular or plural that entity who or which, as described above, is the predecessor corporation of any of the entities described above or in the body of the complaint; and **No. 11**, whether singular or plural, that entity who or which, as described above, is the successor corporation of any of the entities described herein; and **No. 12** whether singular or plural, that entity who or which had any involvement with the denial of said claims. (Plaintiff avers that the identities of the Fictitious Party Defendants herein are otherwise unknown to the Plaintiff at this time or, if their names are known to Plaintiff at this time, their identities as proper party defendants are not known to the plaintiff at this time, and their true names will be substituted by amendment when ascertained.);

    Defendants.

# COMPLAINT

## PARTIES

1.    Plaintiff, MARY FAYE KING (hereinafter "KING"), is above the age of nineteen

years of age and is a resident of Chilton County, Alabama.

2.    Defendant, PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY
(hereinafter "PROVIDENT"), is a foreign insurance company which operates in the state of
Alabama.

3.    Defendant, BAPTIST SHELBY MEDICAL CENTER d/b/a BAPTIST HEALTH
SYSTEM, INC. (hereinafter "BAPTIST"), is owned, operated and/or managed a hospital facility
known as Baptist Shelby Medical Center in Alabaster, Alabama.  BAPTIST employed the
Plaintiff and provided a life and/or disability insurance policy to the Plaintiff as consideration for
Plaintiff's employment.

## FACTS

4.    Up and until the date of her disability, Plaintiff was employed by and insured
under a policy of insurance issued to Baptist Shelby Medical Center.  BAPIST is and was an
Alabama public corporation originally incorporated in the state of Alabama.

5.    Defendants, PROVIDENT and BAPTIST, issued a life and/or disability insurance
policy to Plaintiff in consideration for the premiums paid by Plaintiff and/or BAPTIST.

6.    Defendant BAPTIST collected premiums and assisted in the administration of
Plaintiff's life and/or disability policy.

7.    Benefits pursuant to the life and/or disability insurance contract were available to
Plaintiff at all times relevant to this Complaint.

8.    Defendants, PROVIDENT and BAPTIST, provided the Plaintiff with a policy of

insurance for coverage for disability and life insurance.

9.     Plaintiff is totally disabled and not able to function in a workplace setting at any occupation.

10.    Plaintiff filed a claim and for waiver of premium benefits under her life insurance policy through Defendant, PROVIDENT.

11.    On September 2, 2004 plaintiff was terminated by BAPTIST.

12.    Defendant, PROVIDENT, wrongfully denied and failed to pay the Plaintiff's claims for her life insurance premiums. Plaintiff has suffered damages as a direct and proximate result of Defendant's conduct.

### COUNT I

### FRAUD

13.    Plaintiff adopts and incorporates by reference paragraphs 1- 12 of her complaint as if the same were fully set out herein.

14.    Defendants, PROVIDENT and BAPTIST, defrauded Plaintiff and misrepresented the material facts of her eligibility for life and/or disability insurance benefits. Plaintiff relied on the misrepresentations to her detriment. Said misrepresentations of material facts and fraud were committed willfully and maliciously and with the intent to defraud and deceive Plaintiff.

15.    The named defendants committed said fraud by representing to Plaintiff that she would receive a waiver of premium insurance as a result of Plaintiff's inability to work. PROVIDENT accepted Plaintiff's and/or BAPTIST's premium payments for said insurance

coverage. When Plaintiff made a claim on the policy of insurance, Defendant, PROVIDENT, denied coverage and refused to pay the claim.

16.    As a proximate cause of the fraud and misrepresentation of Defendants, Plaintiff has suffered damages. Plaintiff has been denied benefits under said policy of insurance and has suffered emotional and mental distress.

## COUNT II

### SUPPRESSION OF MATERIAL FACTS

17.    Plaintiff adopts and incorporates by reference paragraphs 1- 16 of her complaint as if the same were fully set out herein.

18.    Defendants, PROVIDENT and BAPTIST, fraudulently suppressed and/or concealed material facts from Plaintiff concerning her insurance and/or disability insurance coverage with Defendants.

19.    Defendants, PROVIDENT and BAPTIST, were under a duty to disclose these material facts to the Plaintiff.

20.    As a proximate result of Defendant's fraudulent suppression and/or concealment, Plaintiff was caused to be damaged as described herein.

## COUNT III

### UNJUST ENRICHMENT

21.    Plaintiff adopts and incorporates by reference paragraphs 1- 20 of her complaint as if the same were fully set out herein.

22.    Defendant BAPTIST received services from the Plaintiff in consideration of her employment benefits, including the alleged life and/or disability benefits. Defendant BAPTIST assisted PROVIDENT in the maintenance and administration of the terms and coverage for the life and/or disability benefits.

23.    Defendants PROVIDENT and BAPTIST received and currently possess monies which belong to Plaintiff which were obtained wrongfully, through fraud and/or deceptive practices.

24.    As a proximate cause of Defendants retaining these monies, Plaintiff has been injured as described hereinabove.

25.    The aforementioned acts and conduct by the Defendants, described in particularity hereinabove, have resulted in the Defendants' unjust enrichment to the detriment of Plaintiff.

## COUNT IV

### CONVERSION

26.    Plaintiff adopts and incorporates by reference paragraphs 1- 25 of her complaint as if the same were fully set out herein.

27.    Defendant BAPTIST collected life and/or disability insurance premiums from the Plaintiff. These premium payments were wrongfully appropriated by Defendants PROVIDENT and BAPTIST for Defendants' own use and benefit. Said premium payments constitute specific money, capable of identification. Said premium payments were specifically withdrawn from the Plaintiff's paycheck and/or paid to BAPTIST by plaintiff at the direction of the Defendants PROVIDENT and BAPTIST.

28.    Defendants PROVIDENT and BAPTIST have willfully exercised unlawful dominion and control over said funds.

## COUNT V

## BREACH OF CONTRACT

29.    Plaintiff adopts and incorporates by reference paragraphs 1- 29 of her complaint as if the same were fully set out herein.

30.    The plaintiff insured under a contract of insurance issued by the defendant, PROVIDENT.    The plaintiff provided the defendant with all information and documents requested by the defendant and otherwise compiled with all provisions of said contract.    In violation of the express terms of said contract, PROVIDENT denied plaintiff's claims for benefits.

31.    As a direct and proximate consequence of PROVIDENT's breach of the life and/or disability contract, Plaintiff has been injured and damaged by not receiving waiver of premium benefits and suffering mental anguish.

## COUNT VI

## BAD FAITH FAILURE TO PAY INSURANCE

32.    Plaintiff adopts and incorporates by reference paragraphs 1- 31 of her complaint as if the same were fully set out herein.

33.    PROVIDENT had a duty imposed by law to exercise good faith and fair dealings

in the performance of the contractual obligations under the terms of the aforesaid policy of insurance and/or disability insurance. This duty was breached, either in that PROVIDENT had no arguable basis for denying Plaintiff's claim or in that it failed to adequately investigate said claim, and denied Plaintiff's claim without determining whether there was any arguable basis for denying it. Said conduct constitutes bad faith.

WHEREFORE, premises considered, plaintiff demands judgment against the defendants, in such an amount of compensatory damages as will reasonably and adequately compensate plaintiff for her injuries or damages, and for punitive damages in an amount that will reflect the enormity of the wrongs committed by the defendants and deter similar conduct in the future by similarly situated entities.

Jeffrey C. Kirby (KIR002)
David J. Hodge (HOD016)
Attorneys for Plaintiff

OF COUNSEL:

PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203
(205) 322-8880
(205) 328-2711 facsimile

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a struck jury for the trial of this case.

_____
Of Counsel for Plaintiff

## REQUEST FOR SERVICE

Pursuant to Alabama Rules of Civil Procedure 4.1 and 4.2, plaintiff requests that the

foregoing Summons and Complaint be served by certified mail.

_____
Of Counsel

## DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL:

PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY
c/o C T Corporation Co.
2000 Interstate Park
Suite 204
Montgomery, Alabama 36109

BAPTIST SHELBY MEDICAL CENTER
d/b/a BAPTIST HEALTH SYSTEM, INC.
c/o Kerry Black, Registered Agent
3201 4th Avenue South
Birmingham, Alabama  35222

IN THE CIRCUIT COURT OF CHILTON COUNTY, ALABAMA

CASE NO.: *CU-05-311-B*

**MARY FAYE KING ,**

     Plaintiff,

v.

**PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, et al.,**

     Defendant(s).

### PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY

     Comes now the plaintiff in the above-styled cause and requests that the defendant, PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, answer the following interrogatories. In addition, Plaintiff requests that the defendant attach a copy of each and every document referred to in any of the interrogatories or in Defendant's response thereto or that Defendant state the date and time that said documents will be produced for inspection and copying at the offices of Plaintiff's attorney.

     NOTE: These interrogatories shall be deemed continuing so as to require supplemental answers upon receipt of additional information by this Defendant's attorney subsequent to your original response. Any such supplemental answers are to be filed and served upon counsel for Plaintiff within thirty (30) days from receipt of such additional information but not later than the time of the trial of this case.

1.     Please state this Defendant's name correctly and/or the correct way this Defendant should be designated as a party defendant in an action at law (at the time of the occurrence made the basis of this suit and at the time these interrogatories were answered).

2.     State the name and job title of any person who participated in the evaluation of each and every claim for benefits made by the Plaintiff.

3.    State the names, addresses, and job titles of the individual or individuals who made the decision to deny any of Plaintiff's claims for benefits

4.    State by whom and the manner in which premium payments on the subject policy were made.

5.    State, in detail, each and every act taken by this Defendant to investigate any of Plaintiff's claims for benefits.

6.    Explain, in detail, what commissions were paid and to whom on the policy made the basis for this suit.

7.    State the names and addresses of all policyholders of life and/or disability policies in the state of Alabama for the years 2000 through 2005 who have had claims denied by this Defendant.

8.    State whether or not this Defendant ever refunded any premium to Plaintiff. If so, state in complete detail:

   (a)    Date refund was made.

   (b)    The amount of refund.

9.    State whether or not there have been, or are now, lawsuits pending against this Defendant or its agent(s), in the State of Alabama for the last five (5) years claiming injury or damage due to breach of contract, fraudulent, wanton or intentional misrepresentation, or bad faith failure to pay. If so, for each such lawsuit state:

   (a)    The date of the filing of each such lawsuit.

   (b)    The court in which such lawsuit was filed.

   (c)    The action or court number of each such lawsuit.

   (d)    The name and addresses of all parties, including Plaintiff and Defendant to each such lawsuit.

   (e)    The disposition of each such lawsuit.

   (f)    The name and address of each person or entity having possession, control or custody of any or all records relating to such legal action against this Defendant involving such a claim or similar claim.

10.    Please state the name and address of each expert witness that you expect to call at the trial of this case and state the subject matter on which said experts are expected to testify.

11.    Please state the substance of the facts, opinions and conclusions to which each and every expert is expected to testify in this case.

12.    Describe, in detail, the training provided by this Defendant to agents who sell policies such as the one made the basis of this lawsuit.

13.    List, by company name, all documents, sales materials, brochures, or other similar materials provided to agents to assist them in the sale of policies such as the one made the basis of this suit.

14.    State, in detail, this Defendant's procedure for evaluating, investigating, and denying waiver of premium claims.

15.    With respect to any claims for benefits submitted by the Plaintiff which have been denied, please state the following:

    a.    Date of claim for benefits; and

    b.    Basis for denial.

16.    With respect to the policy which is the subject of this lawsuit, please state the following:

    a.    Internal name or series;

    b.    Insured; and

    c.    Premium payer.

17.    Did any outside entity, claims management company, or individual contractor review plaintiff's claim for benefits? If so, state the name of said entity, explain, in detail, the responsibilities of said entity with respect to Plaintiff's claims for benefits, and state any recommendation made by said entity.

18.    Did any individual with any medical training ever review Plaintiff's claims for benefits? If so, state the name, job title, medical training of said individual(s) and the date of such review(s).

19.    Assuming Provident was entitled to a social security set off, state the amount due to plaintiff if she were deemed totally disabled.

20.    State the month and year that benefits were terminated.

## REQUESTS FOR PRODUCTION

1.    Any and all non-ERISA claim procedures applicable to this claim.

2.    Any and all claim procedures applicable to this claim.

3.    Any and all policies and procedures of this Defendant concerning the adjusting of disability claims.

4.    Any and all documents in this defendant's possession concerning the Plaintiff.

5.    The complete and entire claim files for all claims made by the Plaintiff.

6.    A complete copy of this defendant's claims manual from the year 2004.

7.    Any and all drafts of this defendant's claims manual reviewed by the claims management team.

8.    Any and all claims department management team memos distributed to claims representatives between 2000 and present which in any way relate or refer to claims procedures involving waiver of premium / disability policies.

9.    Any and all documents created by and/or distributed to Claims Department employees by the Department of Training and Quality Assurance or by the Director of Training between 2000 and present, which in any way relate or refer to this Defendant's policies and procedures concerning disability claims.


_____
Jeffrey C. Kirby (KIR002)
David J. Hodge (HOD016)
Attorneys for Plaintiff

OF COUNSEL:

PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203
(205) 322-8880
(205) 328-2711 facsimile

**PLEASE SERVE WITH THE SUMMONS AND COMPLAINT.**