IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARY FAYE KING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 2:06-CV-495-MEF |
| ) | |
| UNUM LIFE INSURANCE COMPANY ) | |
| OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

### AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT UNUM LIFE INSURANCE COMPANY OF AMERICA TO COUNTS 3, 5 AND 6 OF PLAINTIFF'S SECOND AMENDMENT TO COMPLAINT

**COMES NOW** the Defendant, Unum Life Insurance Company of America ("Unum" or "Defendant"), and amends its answer to Counts 3, 5 and 6 of the Second Amendment to Complaint[1] filed by the Plaintiff, Mary Faye King ("Plaintiff"), stating as follows:

### PARTIES

1. Unum is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

2. Unum is a Maine corporation that is authorized to do business as an insurance company. Unum admits that it does business in Alabama.

---

[1] Plaintiff's Second Amendment to Complaint substituted Unum Life Insurance Company of America in place of Provident Life and Accident Insurance Company in every place where Provident Life and Accident Insurance Company was mentioned in the original Complaint.

3. Unum is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

## FACTUAL ALLEGATIONS

4. Unum admits that Plaintiff was employed by Baptist Shelby Medical Center d/b/a Baptist Health System, Inc. ("Baptist"), and was insured under a Unum group life insurance policy issued to Baptist. The remaining allegations of this paragraph are denied and Unum demands strict proof thereof.

5. Unum admits that Plaintiff was insured under a Unum group life insurance policy issued to Baptist. To the extent that this paragraph alleges that Plaintiff was insured under a disability insurance policy, the allegations of this paragraph are denied and Unum demands strict proof thereof.

6. Unum admits that Plaintiff was insured under a Unum group life insurance policy issued to Baptist. To the extent that this paragraph alleges that Plaintiff was insured under a disability insurance policy, the allegations of this paragraph are denied and Unum demands strict proof thereof. Unum is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph relating to actions by Baptist and, therefore, denies the same and demands strict proof thereof.

7. Unum denies the allegations of this paragraph and demands strict proof thereof.

8. Unum admits that Plaintiff was insured under a Unum group life insurance policy issued to Baptist. To the extent that this paragraph alleges that Plaintiff

was insured under a disability insurance policy, the allegations of this paragraph are denied and Unum demands strict proof thereof.

9. Unum denies the allegations of this paragraph and demands strict proof thereof.

10. Unum admits that Plaintiff sought waiver of premium benefits under the subject Unum group life insurance policy.

11. Unum is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

12. Unum denies the allegations of this paragraph and demands strict proof thereof.

## COUNT I - FRAUD

13-16. Contemporaneous with the filing of its Amended Answer to Counts 3, 5 and 6, Unum has filed an Amended Motion to Dismiss Counts 1, 2 and 4 for failure to state a claim upon which relief can be granted and failure to plead fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

## COUNT II - SUPPRESSION

17-20. Contemporaneous with the filing of its Amended Answer to Counts 3, 5 and 6, Unum has filed an Amended Motion to Dismiss Counts 1, 2 and 4 for failure to state a claim upon which relief can be granted and failure to plead fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

## COUNT III - UNJUST ENRICHMENT

21. Unum adopts and incorporates by reference all prior paragraphs as if set out herein in full.

22. Unum denies the allegations of this paragraph and demands strict proof thereof.

23. Unum denies the allegations of this paragraph and demands strict proof thereof.

24. Unum denies the allegations of this paragraph and demands strict proof thereof.

25. Unum denies the allegations of this paragraph and demands strict proof thereof.

## COUNT IV - CONVERSION

26-28. Contemporaneous with the filing of its Amended Answer to Counts 3, 5 and 6, Unum has filed an Amended Motion to Dismiss Counts 1, 2 and 4 for failure to state a claim upon which relief can be granted and failure to plead fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

## COUNT V - BREACH OF CONTRACT

29. Unum adopts and incorporates by reference all prior paragraphs as if set out herein in full.

30. Unum denies the allegations of this paragraph and demands strict proof thereof.

31. Unum denies the allegations of this paragraph and demands strict proof thereof.

## COUNT VI - BAD FAITH

32. Unum adopts and incorporates by reference all prior paragraphs as if set out herein in full.

33. Unum denies the allegations of this paragraph and demands strict proof thereof.

As to the Prayer for Relief at the end of Plaintiff's Second Amendment To Complaint, Unum denies that Plaintiff is entitled to the requested relief and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, consent, release, acquiescence and/or ratification.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are due to be dismissed based on the statute of frauds and/or the parole evidence rule.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to satisfy condition(s) precedent to receipt of benefits under the policy.

### FIFTH AFFIRMATIVE DEFENSE

Even if Plaintiff is entitled to benefits under the policy, which entitlement is denied, such immediate entitlement would not mean that Plaintiff would be entitled to

unlimited future benefits given, *inter alia*, the possibility of recovery, as well as the effect of different policy requirements, exclusions, and/or limitations.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by Plaintiff's own fraud, misrepresentation and/or mistake.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant is not guilty of any breach of any duty owed to Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant complied with all applicable laws and regulations.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each and every Count thereof, to the extent that it seeks exemplary or punitive damages, violates Defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution and under the Constitution of the State of Alabama, and therefore fails to state a cause of action under which either punitive or exemplary damages can be awarded.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each count thereof, to the extent that it seeks punitive or exemplary damages, violates Defendant's rights to protection from "excess fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 15 of the Constitution of the State of Alabama, and violates Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and as provided in the Constitution of the State of Alabama,

and therefore fails to state a cause of action supporting the punitive or exemplary damages claimed.

## ELEVENTH AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

## TWELFTH AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant pursuant to the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States of America in that punitive damages are vague and are not rationally related to legitimate government interests.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of the procedural safeguards provided to Defendant under the Sixth Amendment to the Constitution of the United States of America in that punitive damages are penal in

nature and consequently Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

### FIFTEENTH AFFIRMATIVE DEFENSE

It is violative of the self incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

### SIXTEENTH AFFIRMATIVE DEFENSE

It is violative of the self incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

### SEVENTEENTH AFFIRMATIVE DEFENSE

It is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against Defendant which are penal in nature by requiring a burden of proof on Plaintiff which is less than the "beyond a reasonable doubt" burden required in criminal cases.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiff in this case, on its face and/or as applied in this case, is in violation of the right to trial by jury of the Seventh Amendment of the Constitution of the United States of America.

## NINETEENTH AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of the Eighth Amendment of the Constitution of the United States of America in that said damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

## TWENTIETH AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States of America.

## TWENTIETH-FIRST AFFIRMATIVE DEFENSE

The imposition of punitive damages in this cause violates the Due Process Clause of Amendments V and XIV to the United States Constitution and Article I, Sections 1, 2, 6, 11, 13, 15, 27 and 35 of the Alabama Constitution of 1901 because the authorization for unlimited punitive damages awards has a substantial chilling effect on the exercise of the fundamental rights to ordered liberty and of access to the courts. Among other things, the present procedure and standards for imposing punitive damages are unconstitutionally vague and violate Due Process under the aforesaid state and federal constitutional provisions by (1) failing to provide sufficiently objective and specific standards by which juries may decide whether to award punitive damages and to determine the amount of punitive damages awards; (2) failing to provide sufficiently objective and specific standards by which juries may impose punitive damages based on the culpability of alleged tortfeasors; (3) failing to provide sufficient objective specific standards by which juries may award punitive damages against multiple defendants for

different alleged acts of wrongdoing; (4) failing to provide sufficiently objective and specific standards by which juries may award separate judgments against alleged joint tortfeasors; (5) by failing to provide a sufficiently clear, objective, and specific standard for appellate review of awards for punitive damages; and (6) by failing to provide a meaningful opportunity for challenging the excessiveness of such awards.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case violates the Equal Protection Clause of Amendments V and XIV of the United States Constitution and deprives Defendant of the right to equal protection under the law as provided in Article I, Sections 1, 6, and 22 of the Alabama Constitution of 1901, because, among other reasons, criminal defendants are placed in a position of distinct advantage over civil defendants of comparable culpability due to the disparity in punitive treatment for similar conduct and because the absence of sufficiently specific and objective standards for the imposition of punitive damages fails to ensure equality of treatment between and among similarly situated civil defendants.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages cannot be upheld based on all grounds that the United States Supreme Court in *BMW v. Gore*, 116 S.Ct. 1589 (1996), determined that the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages violate Defendant's rights provided by the United States Constitution.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages cannot be upheld under *BMW v. Gore*, 116 S.Ct. 1589 (1996) to the extent it is not based on the least drastic remedy or lowest amount of punitive damages that could be expected to ensure that the Defendant will more fully comply with this state's laws in the future.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover punitive damages pursuant to Alabama Code 1975, §§ 6-11-20-6-11-30. Consequently, any claim for such damages is barred.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Any award of punitive damages in this case is subject to the limitations established by the Alabama Legislature and set forth in Alabama Code 1975, § 6-11-21. The Alabama Supreme Court's action abolishing the legislatively-created cap on punitive damages was unconstitutional and is without effect. Under the Constitution of the United States of America and the State of Alabama, the Alabama Supreme Count cannot abolish the cap created by the Legislature on punitive damages through judicial fiat.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred because an award of punitive damages under Alabama law will constitute an impermissible burden on interstate commerce in violation of the Commerce Clause of Article I §9 of the United States Constitution.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred to the extent that it seeks the admission into evidence of Defendant's net worth in determining whether punitive

damages are to be awarded and/or in what amount they are to be awarded because punitive damages are a form of punishment that is grounded in a Defendant's status rather than in specific misconduct, and thus has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § §1, 6, 13 and 22 of the Alabama Constitution.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages against the Defendant cannot be upheld, because any award of punitive damages under Alabama law without bifurcating the trial of all punitive damages would violate Defendant's due process rights guaranteed by the United States Constitution and the Alabama Constitution.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages against the Defendant cannot be upheld because an award of punitive damages under Alabama law for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by Alabama law would violate the Defendant's due process rights guaranteed by the United States Constitution and by the due process provisions of the Alabama Constitution.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages against the Defendant cannot be sustained because punitive damages may be awarded jointly and severally against some or all of the Defendants for different acts of alleged wrongdoing without apportionment among them based on the respective enormity of their alleged misconduct and will, therefore, violate the Defendant's rights under the Equal Protection Clause and the Due

Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I §§1, 6, 13 and 22 of the Alabama Constitution, and will be improper under the common law and public policies of the State of Alabama and the United States of America.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

The Alabama statute authorizing punitive damages, ALA. CODE § 6-1-20 (1993) is constitutionally vague as written, construed and applied.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Defendant pleads the applicability of the Alabama Legislature's amendment to ALA. CODE § 6-11-21, effective June 7, 1999.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

The claims for punitive damages against Defendant are barred because Plaintiff cannot produce clear and convincing evidence sufficient to support or sustain the imposition of punitive damages against Defendant.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendant's actions were reasonable and justifiable.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

All of Defendant's alleged acts were done in good faith and pursuant to Defendant's lawful rights.

Defendant reserves the right to amend its Answer and Affirmative Defenses as discovery progresses.

Respectfully submitted,

/s/ Stephen R. Geisler_____
James S. Williams
Stephen R. Geisler
Attorneys for the Defendant, Unum
Life Insurance Company of America

**OF COUNSEL**:
Sirote & Permutt, P.C.
2311 Highland Avenue South
P. O. Box 55727
Birmingham, AL  35255-5727
Phone:  (205) 930-5100
Fax:  (205) 930-5101

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of July, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Jeffrey C. Kirby, Esq.
>David J. Hodge, Esq.
>William T. Johnson, III
>Pittman, Dutton, Kirby & Hellums, P.C.
>2001 Park Place North
>1100 Park Place Tower
>Birmingham, Alabama  35203

/s/ Stephen R. Geisler_____
Of Counsel