IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARY FAYE KING, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    CASE NO. 2:06-CV-495-MEF |
| | ) |
| UNUM LIFE INSURANCE COMPANY | ) |
| OF AMERICA, | ) |
| | ) |
|     Defendant. | ) |

**DEFENDANT UNUM LIFE INSURANCE COMPANY OF AMERICA'S
AMENDED MOTION TO DISMISS COUNTS 1, 2 AND 4 OF PLAINTIFF'S
SECOND AMENDMENT TO COMPLAINT**

**COMES NOW** the Defendant, Unum Life Insurance Company of America ("Unum" or "Defendant"), and moves the Court to dismiss Counts 1, 2 and 4 of the Second Amendment to Complaint filed by the Plaintiff, Mary Faye King ("Plaintiff"), for failure to state a claim upon which relief can be granted and for failure to plead fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. In support of this Motion, Unum states as follows:

**Procedural History**

1. Plaintiff filed her Complaint in the Circuit Court of Chilton County, Alabama, on or about October 27, 2005, naming Provident Life & Accident Insurance Company ("Provident") and Baptist Shelby Medical Center d/b/a Baptist Health System, Inc. ("Baptist") as Defendants.

2. Plaintiff filed an Amendment to Complaint on January 11, 2006. The Amendment to Complaint designated through fictitious parties the name of Unum in this action. Unum was served with the Amendment to Complaint on January 25, 2006.

3.  Plaintiff filed her Second Amendment to Complaint on January 25, 2006. The Second Amendment to Complaint substituted Unum in place of Provident in every place where Provident was mentioned in the original Complaint.

4.  On or about March 8, 2006, Unum filed a Motion to Dismiss Counts 1, 2 and 4 of the Second Amendment to Complaint, and an Answer to Counts 3, 5 and 6 of the Second Amendment to Complaint.

5.  On or about May 22, 2006, Plaintiff filed Notice of Voluntary Dismissal Without Prejudice in which she "voluntarily dismisse[d] without prejudice her claims in the above-styled action against Defendant Baptist Health System, Inc."

6.  On May 31, 2006, Unum, the only remaining defendant, removed this action to this Court based upon the complete diversity of citizenship of the remaining parties.

7.  Contemporaneous with the filing of this Amended Motion to Dismiss Counts 1, 2 and 4 of Plaintiff's Second Amendment to Complaint, Unum has filed an Amended Answer to Counts 3, 5 and 6 of Plaintiff's Second Amendment to Complaint.

### Count I - Fraud

8.  Plaintiff makes the following fraud allegations in her Second Amendment to Complaint:

> Defendants, [Unum] and BAPTIST, defrauded Plaintiff and misrepresented the material facts of her eligibility for life and/or disability insurance benefits. Plaintiff relied on the misrepresentations to her detriment. Said misrepresentations of material facts and fraud were committed willfully and maliciously and with the intent to defraud and deceive Plaintiff.
>
> The named defendants committed said fraud by representing to Plaintiff that she would receive a waiver of premium insurance as a result of Plaintiff's inability to work. [Unum] accepted Plaintiff's and/or BAPTIST's premium payments for said insurance coverage.

> When Plaintiff made a claim on the policy of insurance, Defendant, [Unum], denied coverage and refused to pay the claim.
>
> As a proximate cause of the fraud and misrepresentation of Defendants, Plaintiff has suffered damages. Plaintiff has been denied benefits under said policy of insurance and has suffered emotional and mental distress.

(Compl. ¶¶ 14-15.) The fraud allegations in Plaintiff's Second Amendment to Complaint are insufficient as a matter of law because they fail to plead fraud with the "particularity" required by Rule 9(b) of the Federal Rules of Civil Procedure.

        9.    Rule 9(b) directs that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b). According to the Eleventh Circuit Court of Appeals, a plaintiff alleging fraud "must allege (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997). Additionally, "in a case involving multiple defendants … 'the complaint should inform each defendant of the nature of his alleged participation in the fraud.'" *Brooks*, 116 F.3d at 1381.

        10.    In the case at bar, Plaintiff merely alleges the following with respect to the circumstances of the alleged fraud: (1) "Defendants, [Unum] and BAPTIST, defrauded Plaintiff and misrepresented the material facts of [Plaintiff's] eligibility for life and/or disability insurance benefits;" (2) "[t]he named defendants committed said fraud by representing to Plaintiff that she would receive a waiver of premium insurance as a result of Plaintiff's inability to work;" (3) "[Unum] accepted Plaintiff's and/or BAPTIST's premium payments for said insurance coverage;" (4) "[w]hen Plaintiff made a claim on the policy of insurance, Defendant, [Unum],

denied coverage and refused to pay the claim;" and (5) "[a]s a proximate cause of the fraud and misrepresentations of Defendants, Plaintiff has suffered damages." (Compl. ¶¶ 14-16.)

11. Plaintiff does not state the time and place of the alleged misrepresentations, does not state the identity of the person who made the alleged misrepresentations, and does not state whether the alleged misrepresentations were written or oral. Plaintiff also does not distinguish which acts relating to fraud were allegedly committed by Unum and which acts were allegedly committed by Baptist. A complaint alleging fraud that fails to set forth the time, place, and manner in which the alleged fraud occurred, and is devoid of specific allegations with respect to the separate persons who were involved in the alleged fraud, is subject to dismissal for failure to plead fraud with the requisite specificity required under Rule 9(b). *See Brooks*, 116 F.3d at 1381. Consequently, Plaintiff's fraud claim should be dismissed because it fails to state fraud with the "particularity" required by Rule 9(b) of the Federal Rules of Civil Procedure.

### Count II - Suppression

12. Plaintiff makes the following suppression allegations in her Second Amendment to Complaint:

> Defendants, [Unum] and BAPTIST, fraudulently suppressed and/or concealed material facts from Plaintiff concerning her insurance and/or disability insurance coverage with Defendants.
>
> Defendants, [Unum] and BAPTIST, were under a duty to disclose these material facts to the Plaintiff.
>
> As a proximate result of Defendant's fraudulent suppression and/or concealment, Plaintiff was caused to be damaged as described herein.

(Compl. ¶¶ 18-20.)  The suppression allegations in Plaintiff's Second Amendment to Complaint are insufficient as a matter of law because they fail to plead fraud with the "particularity" required by Rule 9(b) of the Federal Rules of Civil Procedure.

13. Plaintiff's fraudulent suppression/concealment claim "is subject to Fed. R. Civ. P. 9(b)'s requirement that the circumstances constituting fraud shall be stated with particularity" -- i.e., Plaintiff must provide the "'who, what, when, where, and how' of the alleged fraud." *See Greenberg v. Miami Children's Hospital Research Institute, Inc.*, 264 F.Supp. 2d 1064, 1073 (S.D. Fla. 2003) (citing *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990)).  Plaintiff has wholly failed to do so.

14. Plaintiff's fraudulent suppression/concealment claim simply alleges that "Defendants, [Unum] and BAPTIST, fraudulently suppressed and/or concealed material facts from Plaintiff concerning her insurance and/or disability insurance coverage with Defendants." (Compl. ¶¶ 18.)  Plaintiff does not identify <u>any</u> specific material facts that were allegedly suppressed or concealed from her.  Plaintiff also does not state any details of the alleged suppression -- such as who, what, when, where and how -- and does not distinguish between Unum and Baptist.  Consequently, Plaintiff's suppression claim should be dismissed because it fails to state fraud with the "particularity" required by Rule 9(b) of the Federal Rules of Civil Procedure.

## Count IV - Conversion

15. Plaintiff makes the following allegations regarding conversion in her Second Amendment to Complaint:

> Defendant BAPTIST collected life and/or disability insurance premiums from the Plaintiff.  These premium payments were wrongfully appropriated by Defendants [Unum] and BAPTIST for Defendants' own use and benefit.  Said premium payments

>constitute specific money, capable of identification. Said premium payments were specifically withdrawn from the Plaintiff's paycheck and/or paid to BAPTIST by plaintiff at the direction of the Defendants [Unum] and BAPTIST.

(Compl. ¶ 27.) Plaintiff's conversion claim is insufficient as a matter of law because "ordinarily 'an action will not lie for the conversion of money,'" and Plaintiff's premium payments were not sufficiently identifiable to be the subject of a conversion claim. *See Willingham v. United Ins. Co.*, 628 So. 2d 328, 333 (Ala. 1993).

16. Under Alabama law, a plaintiff alleging conversion must show "a wrongful taking, detention, or interference, or an illegal use or misuse of another's property." *Willingham*, 628 So. 2d at 333. In the case at bar, Plaintiff alleges that Unum converted her premium payments, *i.e.*, her money. (Compl. ¶ 27.) According to the Alabama Supreme Court, "ordinarily 'an action will not lie for the conversion of money.'" *Willingham*, 628 So. 2d at 323. Such a claim is viable only when "the money paid as premiums was sufficiently identified to be subject to conversion." *Id*.

17. The money at issue here -- Plaintiff's premium payments -- was not sufficiently identifiable to be subject to conversion. Plaintiff did not make her premium payments directly to Unum. (Compl. ¶ 27.) Rather, Plaintiff, along with the other Baptist employees who participated in the subject group life insurance plan, authorized Baptist to deduct the premium payments from her paycheck and/or paid the premiums to Baptist. (Compl. ¶ 27.) Baptist then remitted the premium payments for all of its employees to Unum. Plaintiff's particular premium payments, therefore, were not sufficiently identifiable or segregated to be subject to conversion. Consequently, Plaintiff's conversion claim is insufficient as a matter of law and should be dismissed.

**WHEREFORE, PREMISES CONSIDERED**, Unum respectfully requests that this Honorable Court enter an order dismissing Counts 1, 2 and 4 of the Second Amendment to Complaint.

Respectfully submitted,

/s/ Stephen R. Geisler_____
James S. Williams
Stephen R. Geisler
Attorneys for the Defendant, Unum Life
Insurance Company of America

**OF COUNSEL:**
Sirote & Permutt, P.C.
2311 Highland Avenue South
P. O. Box 55727
Birmingham, AL  35255-5727
Phone:  (205) 930-5100
Fax:  (205) 930-5101

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of July, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Jeffrey C. Kirby, Esq.
>David J. Hodge, Esq.
>William T. Johnson, III
>Pittman, Dutton, Kirby & Hellums, P.C.
>2001 Park Place North
>1100 Park Place Tower
>Birmingham, Alabama  35203

/s/ Stephen R. Geisler_____
Of Counsel