IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARY FAYE KING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 2:06-CV-495-MEF |
| | ) | |
| UNUM LIFE INSURANCE COMPANY | ) | |
| OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO "DEFENDANT UNUM LIFE INSURANCE COMPANY OF AMERICA'S AMENDED MOTION TO DISMISS COUNTS 1, 2 AND 4 OF PLAINTIFF'S SECOND AMENDMENT TO COMPLAINT"**

In compliance with this Court's order of July 14, 2006, Mary Faye King offers this response to the Amended Motion to Dismiss Counts 1, 2 and 4 of the Second Amendment to Complaint filed by Unum Life Insurance Company of America ("Unum"). Plaintiff asks this Court to enter an order consistent with the statements and arguments contained herein.

As to Count 1 (Fraud) and Count 2 (Suppression), Unum asserts a failure on the part of the plaintiff to satisfy the pleading mandates of Rule 9(b) of the Federal Rules of Civil Procedure. As to Count 4 (Conversion), Unum effectively contends that, as a matter of law, the plaintiff could never prevail because premium payments are not sufficiently identifiable to support a conversion cause of action.

Mary King voluntarily abandons the asserted conversion claim. There are situations in which Alabama law allows recovery under a conversion claim with regard to

the premium payments to an insurer. See Gillis v. Benefit Trust Life Ins. Co., 601 So. 2d 951 (Ala. 1992). Upon reflection, plaintiff has chosen not to invest the time and resources that would be necessary to establish whether this is one of those situations. Mary King does not oppose granting Unum a dismissal as to Count 4.

With regard to the fraud and suppression claims, Mary King must note that Unum is not a stranger to lawsuits arising out of its selling and administering disability/life insurance policies such as the one sold her. Unum's activities, including claims of deceit in connection with the marketing and administering of such policies, has been the subject of numerous stories in newspapers and on television, including a "60 Minutes" segment. Mary King believes that Unum is aware of the particular nature of her fraud-based claims and is presently in a position to initiate preparation of its defense to her claims without the need of receiving any further factual information from her. This is not a situation wherein the defendant has no "inkling" as to why it has been sued and requires additional particulars in order to grasp a basic understanding as to why the plaintiff claims there was fraud or suppression.

Still, Mary King voluntarily agrees to seek leave of this Court to file a further amendment in which she will recount with more particularity the "who, what, when, where, and how" of the alleged fraud and suppression. A "complaint's lack of particularity with respect to the allegation of fraudulent [conduct] need not necessitate the dismissal of that claim." Morrow v. Green Tree Servicing, L.L.C., 360 F. Supp. 2d 1246, 1251 (M.D. Ala. 2005). If a plaintiff explicitly requests an opportunity to amend the complaint in order to cure any pleading deficiencies, a court should allow the plaintiff another opportunity to plead the fraud claim or claims consistent with the pleading

mandates of Rule 9(b).  360 F. Supp. 2d at 1251.  Therefore, plaintiff asks this Court to deny Unum's request to dismiss Counts 1 and 2 and to grant her the opportunity to file a further amendment that will pled those counts with more particularity so as to satisfy the pleading mandates of Rule 9(b).

In summation, Mary King does not oppose granting a dismissal as to Count 4 but asks this Court to deny the request to dismiss Counts 1 and 2.

Respectfully submitted,

s/ **Jeffrey C. Kirby**
Bar Number: ASB-7574-I66J
s/ **David J. Hodge**
Bar Number: ASB-4617-I71J
s/ **William T. Johnson, III**
Bar Number: ASB-2310-M69J
Counsel for Plaintiffs
Pittman, Dutton, Kirby & Hellums, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203
(205) 322-8880
(205) 328-2711 facsimile
Email: PHDKH-efiling@pittmanhooks.com

CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of July, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Stephen Robert Geisler, sgesiler@sirote.com, jparker@sirote.com; Kaye K. Houser, khouser@sirote, ccoker@sirote.com and James Sarvin Williams, jwilliams@sirote.com, vgurley@sirote.com.

Of Counsel for Plaintiff
Pittman, Dutton, Kirby & Hellums, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203
(205) 322-8880
(205) 328-2711 facsimile
Email: PHDKH-efiling@pittmanhooks.com